WILL TURNER V. THE STATE.

*No. 3473.   Decided March 16.*

**Perjury—Indictment.**—At common law and under our system one of the essential requisites to the validity of an indictment for perjury is that the indictment must specifically negative the false statement contained therein, upon which the perjury is assigned.   *Held*, that where the only assignment of perjury was that the statements were willfully and deliberately made by the accused and that the same were false, and that the accused well knew them to be false when he made them, without negativing them and without setting out the truth in regard to said statements, is not sufficient to charge the offense of perjury.

APPEAL from the District Court of Brown.   Tried below before Hon. W. J. Wingate.

This is an appeal from a conviction in the court below on an indictment for perjury, wherein the punishment was assessed at confinement in the penitentiary for five years.

*Jenkins & McCartney*, for appellant.

No brief on file for the State.

WHITE, PRESIDING JUDGE.—This is an appeal from a conviction of perjury.

Omitting the formal parts and inducements, the charge as contained in the indictment is as follows, to-wit: "Whereupon it then and there became and was a material inquiry before said justice of the peace, and necessary for the due administration of the criminal laws of said State, whether he, the said Will Turner, had seen O. J. Reynolds, Jim Derrick, and Ben Tanner, on or about the 23d day of November, 1890, in Brown County, Texas, play at a game with cards in a public place; and he, the said Will Turner, did on the day herein before first named, in said county, before and to the said W. H. Dudley as aforesaid, under the sanction of said oath administered to him as aforesaid, willfully and deliberately state and testify that he had not seen O. J. Reynolds, James Derrick, and Ben Tanner, on or about the 23d day of November, 1890, in Brown County, Texas, play at a game with cards in a public place; which said statement, so made by the said Will Turner, before and to the said W. H. Dudley, justice of the peace as aforesaid, was willfully and deliberately false, and said Will Turner knew the same to be false when he made it, against the peace and dignity of the State."

It has time and again been held that many of the requisites in an indictment for perjury at common law have not been necessary in this State since the adoption of the codes in 1856, and that it is only necessary that the indictment should set forth the offense in plain and intel-

ligible words, by which is meant that each of the essential constituents of the offense as defined by the Penal Code should only plainly appear on the face of the indictment. Allen v. The State, 42 Texas, 12; Brown v. The State, 9 Texas Ct. App., 171; Bradberry v. The State, 7 Texas Ct. App., 375. Still, notwithstanding this change as to the necessity of many formal averments at common law, there are essential requisites to the validity of the indictment under our system which remain unchanged as they existed at common law, and can not be dispensed with; and one of these essential requisites was and is, that the indictment must specifically negative the false statements contained therein upon which the perjury is assigned.

Mr. Archbold, in his work on Criminal Practice and Pleading (Pomeroy's Notes, 8 ed., p. 1733), says: "The indictment must negative the matter sworn to by special averment, 'whereas, in truth and in fact,' etc., in the same manner as in indictment for false pretenses." It will be observed that the indictment, as we have above copied it, in the case in hand does not negative the matter assigned as perjury specifically and pointedly, but after stating the matter upon which the perjury is assigned, simply recites: "Which said statement so made by the said Will Turner, before and to the said W. H. Dudley, justice of the peace as aforesaid, was willfully and deliberately false, and the said Will Turner knew the same to be false when he made it," etc.

In the case of Gabrielsky v. The State, 13 Texas Court of Appeals, 428, where a similar allegation or assignment was passed upon by this court, and the only assignment of perjury was that the statements were willfully and deliberately made by the accused, that the same were false, and that the accused well knew them to be false when he made them, it was held, that "such a general averment that the alleged false statements as set out are false, without negativing them, and without setting out the truth in regard to said statement, is not sufficient to charge the offense of perjury." It was further held, that "an indictment for perjury, to be sufficient, must negative specifically the truth of the alleged false statement;" and where this has not been done, it was said, "at common law the authorities hold such an indictment to be insufficient; and we have not been able to find a single precedent, either at common law or in our own State, where the assignment has been dispensed with." In that case the previous decisions are collated, and the case of The State v. Lindenburg, 13 Texas, 27, which had been cited as holding a different doctrine, is shown not to be in conflict with the weight of authority.

In the case of Donohoe v. The State, 14 Texas Court of Appeals, 638, Judge Hurt, in passing upon an indictment for perjury, says: "The indictment in hand charges that certain testimony given before the grand jury was material—that is, the substance of what was sworn to by the defendant; and then avers, that 'whereas, in truth and in fact,'

stating wherever such matter was false, and thus assigning perjury. The matter averred to be material is charged to have been testified about, or in regard to, by defendant. His testimony is set forth in substance, and then the indictment proceeds to negative (not by simply saying that the defendant falsely swore to such matter, but in the proper form) the truth of the facts sworn to by defendant, by averring, that 'whereas, in truth and in fact,' stating that such facts sworn to by defendant were false.'' This mode of making the averment and assignment of perjury was held to be correct, proper, and sufficient. See, also, Willson's Criminal Forms, Nos. 121–124, and Hernandez v. The State, 18 Texas Court of Appeals, 134, for the form of an indictment which was commended by this court.

We are of opinion that the indictment before us in this case does not assign perjury by proper averments under the forms, precedents, and decisions referred to; that the matter proposed to be assigned as perjury has not been negatived, nor the truth in regard to the same stated, as is essentially requisite to the validity of such an indictment for perjury. A general averment that the statement assigned as perjury was willfully and deliberately false, and that the said Will Turner knew the same to be false, is a conclusion of the pleader, rather than an averment of the facts which constitute the perjury.

Because we are of opinion that the indictment is fatally defective for the reasons above stated, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Davidson, J., absent.