WILL CROW v. THE STATE.

No. 3300. Decided December 13, 1905.

Perjury—Indictment—Motion in Arrest of Judgment.

See opinion for indictment held insufficient to sustain a charge of perjury, and that the same was bad on motion in arrest of judgment.

Appeal from the District Court of Edwards. Tried below before Hon. R. H. Burney.

Appeal from a conviction of perjury; penalty, two years imprisonment in. the penitentiary.

The opinion states the case.

No brief for either party has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted and his punishment fixed at two years confinement in the penitentiary, under an indictment charging substantially, as follows: * * * "That on or about the 29th day of May, A. D., 1905, * * * before a regular term of the district court, holden in and for said county, and then and there in session, the Hon. Ed. Haltom, special judge presiding, and in a certain civil judicial proceeding, the same being an action for the remission of a fine, and of which said suit, the said court then and there had jurisdiction, wherein the State of Texas was plaintiff, and Will Crow was defendant, in cause No. 722, and wherein issue was duly joined between said parties, and came on to be tried, and was then and there tried in due form of law before the said judge; and Will Crow then and there appeared as a witness in his own behalf, and was then and there duly sworn, and did take his corporal oath before said court, as a witness to testify in said cause No. 722, which said oath was then and there required by law and necessary for the prosecution and defense of a private right, and which said oath was then and there administered to him, the said Will Crow, by the Hon. Ed. Haltom, special judge of said court, then and there having sufficient and competent authority under the law to administer the said oath to the said Will Crow in that behalf; and that at and upon the trial of said issue so joined between the said parties as aforesaid, it then and there became and was a material question whether Will Crow had knowingly and wilfully defaulted as a witness before the district court of Edwards County, at the November term of said court, A. D., 1904, in cause No. 517, and the said Will Crow being so sworn as aforesaid, then

and there on the trial of said issue, upon his oath as aforesaid, did falsely, wilfully and deliberately before the said Hon. Ed. Haltom, special judge as aforesaid, depose, state and testify, in substance and to the effect following, that is to say: that he, the said Will Crow thought and believed that the said cause No. 517, wherein he was a witness under legal process, had been continued for the term which said statement so made by the said Will Crow was then and there material to the issue in said cause No. 722, whereas in truth and in fact the said Will Crow knew that cause No. 517, had not been continued for the term when he defaulted as a witness therein; and which said statement so made by the said Will Crow as a witness in said cause No. 722, in the manner and form as aforesaid was deliberately and wilfully made and was deliberately and wilfully false as he, the said, Will Crow there and then well knew," etc.

Appellant filed a motion in arrest of judgment, as follows: "The indictment in this cause presented, and upon which defendant was tried and convicted is wholly insufficient and defective, and alleges no violation of law: Specially excepting to said indictment defendant says same is defective in the following particulars, (a) Same alleges that at the time of the alleged perjury there was pending before the court a certain civil suit, and in the same paragraph alleges that the action was for the remission of a fine, and the indictment is therefore duplicitous and contradictory,—an action for the remission of a fine being a criminal or penal action and not a civil one. (b). Said indictment fails to allege that any fine had theretofore been imposed upon the said Crow. (c). Said indictment fails to allege any fact showing the materiality of the alleged false testimony. (d). Said indictment fails to show that the said Will Crow had been under legal process as a witness in any cause then pending before said court, and had disobeyed said process, and no testimony could become material to any issue pending before said court touching a fine, unless it was alleged that the fine had been regularly and legally imposed upon the said Crow. (e). The allegation as to materiality is a mere statement of conclusion without the allegation of any fact or facts showing the materiality of the said alleged false testimony. (f). Said indictment wholly fails to allege what constituted the true facts with reference to said alleged false testimony." This motion is well taken and should have been sustained. The indictment is subject to all the exceptions appellant urges against it. The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*