### HENRY HIGGINS v. THE STATE.

No. 3606. Decided November 21, 1906.

**Perjury—Indictment—Recitation of Details.**

In an indictment for perjury the pleader should select what he assumes to be the false testimony and recite what the witness swore upon that point as near as can be done in the language of the witness, and then allege the materiality of this false testimony so given. To state the facts which show the materiality of such testimony is difficult and leads to confusion, although permissible, and an indictment which was in such confused state as to render it uncertain as to what predicate or false statement the perjury was based upon was fatally defective.

Appeal from the District Court of Armstrong. Tried below before the Hon. Ira Webster.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Gibson & Wilson, D. B. Hill, L. H. Mathis,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of perjury, and his punishment fixed at two years confinement in the penitentiary; hence this appeal.

In the view we take of this case it is only necessary to notice one question; that is, the validity of the indictment. The indictment covers nearly twelve pages of the record. It does not contain several counts, but only one. As we understand it is an attempt to set out in detail the facts, which were assumed by the pleader made the testimony of the witness material, and the subject of perjury. We have read the indictment more than once, and we must confess our inability to determine the matter, which is alleged to be material and on which the perjury was predicated. In one portion of the indictment it appears to be considered a material matter whether the witness (appellant here) swore to the same facts on the last trial of the case in the court below, which it is alleged he swore to in the former trial of the same case. The learned judge seems to have taken this view of it. In another part, it appears to be conceived to be material whether the witness at the time stood on the inside or outside of the depot, when the pistol is alleged to have been carried, for which the party was being prosecuted in the court below, and in which the alleged false testimony was delivered. Indeed, in reading over this indictment, the pleading is so involved that it is impossible to determine the fact or facts, upon which perjury was based. Of course, it is permissible to set out in detail the alleged false testimony on, which the perjury is predicated, but this should be concisely and succinctly and clearly done, in order to avoid confusion on the part of the court or jury trying the case. Looking through the record and the testimony, it occurs to us that the real question here is not complicated, but simple enough, and ought to be properly stated. The indictment, after laying the court and the case to be tried, which in this particular case was a charge of unlawfully carrying a pistol on a certain occasion, should have gone on and stated appellant's plea of not guilty thereto, the issue joined thereon, which was in effect, whether the party Oats on the occasion alleged, unlawfully carried on and about his person a pistol. It should then have alleged the swearing of Higgins (appellant) and that he then and there deposed and testified that he (witness) was standing on the inside or outside (as the case may be) of the waiting room of the depot, and that Oats was on the outside or inside of the waiting room, near the ticket window (as the case may be) and that he saw Oats there at the time the pistol shot was fired, and that he did not have any pistol; and this should be followed with an allegation that this testimony was material on the trial of said case; and that the same was false, for in truth and in fact said witness was not on the inside or outside of the waiting room (as the case may be), and did have a pistol and fired said pistol, and the said Higgins saw him so fire it, and the said testimony so given as aforesaid was then and there wilfully and corruptly false, and he knew it was false at the time he made it. In the above we have not undertaken to state the predicate as to the perjury because we are unable to tell whether the perjury is based on the witness'

testimony on the first or last trial; that is, whether it is assumed to be false as to whether said witness and said Oats were on the inside or outside of said waiting room at the depot. The pleader should select what he assumes to be the false testimony and recite what the witness swore upon that point, as near as can be done in the language of the witness, and then allege the materiality of this false testimony so given. For authorities as to what an indictment should contain in a charge of this character, see sec. 332, White's Ann. Penal Code. As stated before, while it is permissible to state the facts which show the materiality, this is often a difficult matter and involves a recitation of the details from which the matter evolved as material must be made to appear. We think it the better practice to state what the witness swore on the trial, which is assumed to be material, and allege the materiality of this. If he swore to several facts, these should be stated in distinct and separate assignments, and each traversed; and then, if either assignment is proved, it will be sufficient. Because the indictment is in such confused state as to render it uncertain what predicate or false statement the perjury was based upon, we hold the indictment is defective. The judgment is accordingly reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*