### J. T. Waddle v. State.

No. 2064.   Decided February 5, 1913.

**Perjury—Indictment—Mortgaged Property.**

Where the indictment for perjury failed to negative the fact that a mortgage had been given, as claimed by defendant's testimony upon which the charge of perjury was based, and failed to negative the fact that the party had disposed of mortgaged property, etc., the same was insufficient on motion to quash.

Appeal from the District Court of Comanche. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of perjury; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Palmer,* for appellant.—On question of insufficiency of the indictment: Pierce v. State, 17 Texas Crim. Rep., 32.

*C. E. Lane,* Assistant Attorney-General, and *J. R. McClellan,* District Attorney, for the State.

HARPER, Judge.—In this case it is made to appear that appellant went before a justice of the peace and swore out a complaint against J. C. Hale, charging him with disposing of mortgaged property. Upon the examining trial it appears that appellant swore that Hale owed him two notes, one for $650 and one for $80 and he had a mortagage to secure the payment of the $650 note. The predicate upon which the charge of perjury is sought to be based is, that in fact Hale did not owe him a note for $650, but only owed him the $80 note. A debt being established beyond the peradventure of a doubt, the material issue in the case against Hale would be shown had he disposed of mortgaged property. There is no allegation in the indictment that a mortgage had not in fact been given to secure the

$80 debt. If we look to the entire record, from the State's standpoint, it discloses that Hale had in fact given appellant a note for $650 and a mortgage to secure the payment of it, while in fact he had not given any mortgage to secure the note for $80. That the note for $80 was a genuine note, while the $650 note was given to prevent Hale's creditors from levying on his crop, and appellant in testifying that Hale owed him this note and had paid him, testified falsely. The evidence would sustain a case of perjury based on these facts, but the allegations in the indictment do not correspond with the evidence.

There is no allegation in the indictment that there was no mortgage to secure the $80 note; there is no allegation in the indictment that the $650 note was without consideration, and the mortgage was without consideration. The real facts, from the State's view point, are, that no debt was due upon which a mortgage was given to secure, yet there are no such allegations in the indictment. The indictment failing to negative the fact that a mortgage had been given, and failing to negative the fact that Hale had disposed of mortgaged property, it is insufficient in law to charge perjury.

The material issue was, had Hale disposed of mortgaged property, but in the indictment this issue is wholly ignored. From the evidence we would be authorized to infer that appellant swore falsely as to the amount of his debt, and as to the amount paid him by Hale, but this does not cure the lack of allegations in the indictment. From the evidence we would be authorized to draw the conclusion that appellant testified that Hale owed him $650, and he had mortgage on his cotton crop to secure same, which allegations were in fact untrue, but there are no allegations of this character in the indictment.

We are of the opinion that the indictment charges no offense, and the judgment is reversed and dismissed.

*Dismissed.*