### J. D. CARPENTER V. STATE.

No. 2257. Decided February 5, 1913.

**1.—Simple Assault—Verdict—Degree.**

Where, upon trial of aggravated assault, the court's charge limited the jury to the consideration of a simple assault only, and the verdict assessed a fine of five dollars, there was no uncertainty as to the degree of which the jury found defendant guilty, and there was no error because the verdict did not specify of what degree they convicted defendant.

**2.—Same—Charge of Court—Misdemeanor—Practice on Appeal.**

In the absence of bills of exception to the court's action in refusing special charges in misdemeanor cases, where the conviction is justified by the information or the facts, this court cannot review the matter.

Appeal from the County Court of Foard. Tried below before the Hon. T. W. Staton.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The opinion state the case.

*J. L. Carpenter,* for appellant.—On question of insufficiency of verdict: Steinberger v. State, 35 Texas Crim. Rep., 492; Hays v. State, 33, id, 546; Evans v. States, 57 Texas Crim Rep., 174, 122 S. W. Rep., 392.

On question of charge of court: Jackson v. State, 22 Texas Crim. App., 442.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with aggravated assault and battery.

The court charged the jury limiting the consideration of the jury to simple assault. Appellant asked two instructions, one not to consider aggravated assault and the second giving the appellant's view of self-defense. Both requested instructions were given.

The verdict of the jury reads as follows: ''We, the jury find the defendant 'guilty' of an assault as charged in the information and assess his punishment at a fine of $5.'' Contention is made that this verdict is insufficient inasmuch as appellant was charged with aggravated assault and it is left indefinite by the terms of the verdict as to what offense appellant was convicted. Quite an array of authorities are cited in support of appellant's proposition, but an inspection of those cases will show that wherever a party is charged with an aggravated assault and that offense as well as simple assault have been submitted to the jury and the jury find a general verdict, without specifying of what degree they convicted, the verdict is insufficient; but the authorities equally well settle the proposition that where only one of the degrees is submitted and the verdict assesses the punishment commensurate with the degree submitted as prescribed by the Legislature in regard to the degree submitted, this will be sufficient to leave no uncertainty as to the degree of which the jury found the party accused guilty. These questions have been discussed in many cases and the rule is well settled that where only one degree of the offense has been submitted though the verdict is general, it will be sufficient. Moody v. State, 52 Texas Crim. Rep., 232; Styles v. State, 37 Texas, Crim. Rep., 599; Millard v. State, 59 S. W. Rep., 273; McCulloch v. State, 65 S. W. Rep., 94; Wilson v. State, 74 S. W. Rep., 315; Heinen v. State, 74 S. W. Rep., 776. We are of opinion, therefore, that inasmuch as the jury were confined in their consideration, alone to the degree of simple assault and their verdict corresponding to the punishment prescribed by the Legislature for that offense, that there is no uncertainty about the verdict and this question presents no error.

This being a misdemeanor, the other omissions or supposed omissions on the part of the court in charging the jury, will not be considered. Under our authorities it seems to be well settled that where a charge is sought to be held erroneous, unless fundamentally so, the exceptions must be taken either by bill or motion for new trial and special charges asked to cover the supposed defects in the court's charge, and in the absence of one of these methods, this court will not be justified in reversing the judgment. We are not speaking of that class of cases where the court authorized a conviction not justified by the information or the facts.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*