W. C. JONES v. THE STATE.

No. 14147.    Delivered May 6, 1931.

The opinion states the case.

*Storey, Leak & Storey,* of Vernon, *Guinn & Devereux,* of Jacksonville, and *Guinn & Guinn,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is making a false entry in a book of a state bank; the punishment, confinement in the penitentiary for two years.

Omitting the formal parts, the indictment reads as follows:

"W. C. Jones was then and there the duly elected, qualified and acting cashier and agent of a certain state bank to-wit: First State Bank of Ponta, Texas, which had theretofore been duly incorporated, created, and organized under and by virtue of the laws of the State of Texas, and hereinafter referred to as 'said bank', and which said bank was then and there carrying on and conducting a banking business in Cherokee County, Texas, under the banking laws of the State of Texas, and the said W. C. Jones, while cashier and agent as aforesaid of said bank, had posession and control of the books and records of said bank and on said date, one Mrs. S. P. Richey, Sr., had an account in said bank, with a balance in her favor in excess of one thousand one hundred forty six and no/100 ($1,146) dollars, which account was carried on a book, record or statement of said bank known and designated as the individual ledger, and which ledger showed that said bank was on said date indebted to the said Mrs. S. P. Richey, Sr., in excess of one thousand one hundred forty six and no/100 ($1,146) dollars and the said W. C. Jones on said date did then and there unlawfully make a false entry in said individual ledger showing the account of said Mrs. S. P. Richey, Sr., in this to-wit: The said W. C. Jones did then and there charge the account on said ledger of the said Mrs. S. P. Richey, Sr., with the sum of one thousand one hundred forty six and no/100 ($1,146) dollars with intent then and there on the part of the said W. C. Jones to injure and defraud said bank and to deceive the officers of said bank, the banking commissioner and examiner and special agents authorized by law to examine the affairs of said bank."

Appellant filed a motion to quash the indictment on the ground that it contained no averments showing wherein the entry was false. It is apparent from an examination of the indictment that the facts relied upon to establish the falsity of the entry are not alleged. In 7 Corpus Juris, p. 577, it is stated that the facts to establish the falsity of the entry should be set out. In dealing with a statute substantially the same as ours, it was held by the Supreme Court of New Hampshire that it should be averred in the indictment that the entry was false, and that the facts relied upon to establish its falsity should be set out. State v. Piper, 73 N. H. Reps., 226. In this state, an indictment for perjury, to be sufficient, must set out the particulars in which the statement was false, and

show the truth in relation thereto. Branch's Ann. Tex. P. C., sec. 842; Rohrer v. State, 13 Texas App., 163; Turner v. State, 30 Texas App., 691, 18 S. W., 792; Waddle v. State, 69 Texas Crim. Rep., 331, 153 S. W., 882. The reason for the rule is that the accused is entitled to know wherein and to what extent the statements alleged to have been made by him were false. Crow v. State, 49 Texas Crim. Rep., 103, 90 S. W., 650. We think it is obvious that the same rule is applicable to the present indictment.

Under our statute all that is essential to constitute the offense must be sufficiently charged and cannot be aided by intendent. The facts constituting the offense must be set forth so that the conclusions of law may be arrived at from the facts so stated. Articles 396 and 397, C. C. P.; Ford v. State, 108 Texas Crim. Rep., 626, 2 S. W. (2d) 265. While the law does not require minuteness of detail, it demands that the particular offense be set out with such certainty that a presumptively innocent man seeking to know what he must meet may ascertain fully therefrom the matters charged against him. Ford v. State, supra; Harden v. state, 85 Texas Crim. Rep., 220, 211 S. W., 233; Middleton v. State, (Texas Crim. App.), 25 S. W. (2d) 614.

Giving effect to the principles controlling, the opinion is expressed that the motion to quash should have been sustained.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.