Walter Von BURLESON, Appellant,

v.

The STATE of Texas, Appellee.

No. 41273.

Court of Criminal Appeals of Texas.

May 29, 1968.

Rehearing Denied July 24, 1968.

Vincent W. Perini, Dallas, for appellant.

Henry Wade, Dist. Atty., Jim Ramsey, Arch Pardue, Ronald W. Chapman and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for perjury; the punishment, five years.

The appellant challenges the validity of the indictment on the ground that it does not charge an offense.

The perjury assigned is appellant's testimony given at Hill's trial that he and not Hill had stolen the automobile.

Omitting the formal parts of the indictment, the pertinent portions are as follows:

THE ISSUE: "whereupon it then and there became and was a material in-

quiry before the Said Judge and jury in the trial of said judicial proceeding, whether the defendant Jackie Carver Hill charged by indictment in said cause or the defendant in this cause, Walter Von Burleson, had stolen the automobile involved in the Theft Over case;"

THE ALLEGED FALSE STATEMENTS: (The appellant did) "willfully and deliberately state and testify on questioning by Mr. Bud Jones, the attorney for the defendant Jackie Carver Hill, that on the 24th day of February, 1967, he had gone to a parking lot and stolen a 1964 Chrysler, color blue, and the next morning had picked up the Defendant Jackie Carver Hill in said car and that he and not Jackie Carver Hill had stolen said automobile, and which said statement was material to the issue in said cause;"

THE TRAVERSING AVERMENTS OF FALSITY: "whereas, in truth and in fact, the Defendant (appellant) cannot drive an automobile and testified on May 29, 1967, in Judge J. Frank Wilson's Criminal District Court that he had lied in the proceeding on April 17, 1967, in Judge A. D. Jim Bowie's Criminal District Court No. 5 and his said statement in the proceeding in Judge Bowie's Criminal District Court No. 5 which was so made by the defendant Walter Von Burleson was willfully and deliberately false and the said Walter Von Burleson knew the same to be false when he made it."

To sufficiently traverse an alleged statement assigning perjury, the following is essential:

45 Tex.Jur.2d 69, Sec. 29, reads as follows:

"In charging perjury or false swearing the state must expressly negative the truth of the alleged false statement by

setting forth the true facts by way of antithesis. A mere general averment that the statement was false is not sufficient. The indictment must designate particularly wherein and to what extent the matter sworn to is false, * * *."

2 Branch 2d 302, Sec. 846, reads:

"The facts constituting the offense must be averred directly and with certainty, and not by way of inference and argument. Powell v. State [State v. Powell], 28 Tex. [627] 630; Smith v. State, 1 App. 620; Bell v. State, 75 Crim. 401, 171 S.W. 239; Scott v. State, 75 Crim. 396, 171 S.W. 243.

"Intendment and inference will not be called in to aid an indictment for perjury. Juaraqui v. State, 28 Tex. 625; Powell v. State [State v. Powell], 28 Tex. 627; Oppenheimer v. State [State v. Oppenheimer], 41 Tex. [82] 83; Smith v. State, 1 App. 620; Bell v. State, 75 Crim. 401, 171 S.W. [239] 241; Scott v. State, 75 Crim. 396, 171 S.W. 243."

2 Branch 2d 306, Sec. 852, reads:

"An indictment for perjury must set out the truth as to the alleged false statement. Rohrer v. State, 13 App. [163] 168; Gabrielsky v. State, 13 App. 438; Turner v. State, 30 App. 691, 18 S.W. 792; Crow v. State, 49 Crim. 103, 90 S.W. 650; Higgins v. State, 50 Crim. [433] 434, 97 S.W. 1054; Jones v. State, 118 Crim. [106] 108, 38 S.W.2d 587.

"The accused is entitled to know wherein and to what extent the statements alleged to have been made by him were false. Gabrielsky v. State, 13 App. [438] 439; Crow v. State, 49 Crim. 103, 90 S.W. 650; Waddle v. State, 69 Crim. 334, 153 S.W. 882.

"An allegation that the statement or affidavit made was false is not an assignment of perjury. Rohrer v. State, 13 App. [163] 167; Gabrielsky v. State, 13 App. 437 [438]; Turner v. State, 30 App. 691, 18 S.W. 792."

In Jones v. State, 118 Tex.Cr.R. 106, 38 S.W.2d 587, this court said:

"In this state, an indictment for perjury to be sufficient, must set out the particulars in which the statement was false, and show the truth in relation thereto. Branch's Annotated Texas Penal Code, § 842; Rohrer v. State, 13 Tex.App. 163; Turner v. State, 30 Tex.App. 691, 18 S.W. 792; Waddle v. State, 69 Tex.Cr.R. 334, 153 S.W. 882. The reason for the rule is that the accused is entitled to know wherein and to what extent the statements alleged to have been made by him were false. Crow v. State, 49 Tex.Cr.R. 103, 90 S.W. 650. We think it is obvious that the same rule is applicable to the present indictment.

"Under our statute all that is essential to constitute the offense must be sufficiently charged and cannot be aided by intendment. The facts constituting the offense must be set forth so that the conclusions of law may be arrived at from the facts so stated."

Art. 21.03 (397) V.A.C.C.P., provides that:

"Everything should be stated in an indictment which is necessary to be proved."

The facts constituting the offense must be averred directly and with certainty, and not by way of argument, inference, or conclusion, and they cannot be aided by intendment.

The allegation that the appellant could not drive an automobile is not a traversal of the false statement alleged, that is, that he did not pick up Hill in the car, or, that he did not pick him up while "acting together" with another person, but is only evidence on the issue that he did not pick him up.

The general averment that the appellant had lied is not sufficient. The indictment must designate the particular facts in the testimony which were false, and then it must negative the truth of the alleged false testimony by setting forth the true facts by way of traversal. The allegation that the testimony given by the appellant on the trial of Hill was a lie is not a traversal of the false statement alleged, that is, that he did not steal the automobile and pick up Hill in the car the next morning. The allegation that he lied does not expressly negative, with certainty, the falsity of any particular fact given in the testimony of the appellant, and is nothing more than a conclusion. Whatever is sought to be charged as false should be met by distinctly traversing the false averments.

The indictment fails to charge an offense. The judgment is reversed and the cause is ordered dismissed.