The STATE of Texas, Appellant,

v.

Gerald Ray EVERSOLE, Appellee.

Nos. C14–94–00015–CR, C14–94–00016–CR, C14–94–00017–CR and C14–94–00018–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 15, 1994.

Rehearing Overruled Oct. 27, 1994.

Calvin A. Hartmann, Houston, for appellant.

Rusty Hartin, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## MAJORITY OPINION

CANNON, Justice.

The District Attorney for Harris County appeals the order of the district court quashing four indictments. The State brings five points of error challenging the district court's decision. Upon review, we sustain the State's first three points of error. However, we overrule the State's fourth and fifth points of error and affirm the judgment.

The indictments involve two provisions of the Election Code, to wit, §§ 253.035(h) and 254.031(a)(3), (4). Section 253.035(h) provides:

Except as provided by Section 253.042, a candidate or officeholder who makes political expenditures from his personal funds may reimburse his personal funds from political contributions in the amount of those expenditures only if:

(1) the expenditures from personal funds were fully reported as political expenditures, including the payees, dates, purposes and amount of the expenditures, in the report required to be filed under this title that covers the period in which the expenditures from personal funds were made; and

(2) the report on which the expenditures from personal funds are disclosed clearly designates those expenditures as having been made from the person's personal funds and that the expenditures are subject to reimbursement.

TEX.ELEC.CODE ANN. § 253.035(h) (Vernon Supp.1994). Section 254.031(a)(3) & (4) provides:

Except as otherwise provided by this chapter, each report filed under this chapter must include:

(3) the amount of political expenditures that in the aggregate period exceed $50 and that are made during the reporting period, the full name and address of the persons to whom the expenditures were made, and the dates and purposes of the expenditures;

(4) the amount of each payment made during the reporting period from a political contribution if the payment is not a political expenditure, the full name and address of the person to whom the payment is made, and the date and purpose of the payment.

TEX.ELEC.CODE ANN. § 254.031(a)(3), (4) (Vernon Supp.1994). The Election Code also provides:

Each report filed under this chapter must be accompanied by an affidavit executed by the person required to file the report. The affidavit must contain the statement: "I swear, or affirm, that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code."

TEX.ELEC.CODE ANN. § 254.036(b).

The State alleges that Commissioner Eversole misrepresented the expenditure of approximately ninety-seven thousand dollars, over a two-year period, from his officeholder account by "reimbursing" himself for personal expenditures, but listing himself as the "payee" pursuant to §§ 253.035(h) and 254.031(a). Stated another way, the State alleged Commissioner Eversole should have reported the underlying payees instead of himself, and, that he listed himself as payee to intentionally mislead the public as to those expenditures.

▬ In their first point of error, the State argues that the district court erred in granting Eversole's Motion to Quash on the basis the oath required by TEX.ELEC.CODE ANN. § 254.036(b) (Vernon Supp.1994), could not support a perjury prosecution because the oath required a legal conclusion. In reaching this decision, the district court expressly relied upon *Schoenfeld v. State,* 56 Tex.Cr. 103, 119 S.W. 101 (Tex.Crim.App. 1909). We find that case inapplicable because we hold the oath required by the Elec-

tion Code does not amount to a legal conclusion.

In *Schoenfeld,* the Texas Court of Criminal Appeals held:

Where the statement which is the basis of the accusation is a matter of construction, or deduction from given facts, the fact that it is erroneous, or is not a correct construction, or is not a logical deduction from all the facts, cannot constitute it perjury or false swearing. A witness cannot be guilty of perjury in giving his opinion as to the legal effect of facts about which he is required to testify.

*Schoenfeld,* 119 S.W. at 103–104. This Court has recently reaffirmed the rule a witness cannot be guilty of perjury in giving his opinion as to the legal effect of facts about which he is to testify. *Brasher v. State,* 715 S.W.2d 827, 831 (Tex.App.—Houston [14th Dist.] 1986, no pet.). From our reading of the cases, it is apparent Commissioner Eversole cannot be prosecuted for perjury if (1) his statement was a matter of construction or deduction from given facts, and, his construction was erroneous, incorrect, or illogical, or (2) an opinion about the legal effect of facts about which he is required to testify.

Thus, in reality, the *Schoenfeld* rule is very narrow in its application. In *Schoenfeld,* the testimony fell into the first enumerated category: the witness testified concerning the construction of a written contract. Although neither party has cited us to any cases which fall into the second category, we accept Commissioner Eversole's interpretation that testimony by a police officer to the effect a particular search warrant fulfills all of the prerequisites of Chapter 18 of the Penal Code, or by an attorney that a contract contained all language required by the Uniform Commercial Code, would probably fall into the second enumerated category.

The question then becomes, what was Commissioner Eversole required to swear to, and did such testimony fall into one of the two enumerated categories established by *Schoenfeld?* Commissioner Eversole swore his officeholder report was "true and correct," and it contained all information required under Title 15 of the Election Code. That information includes expenditures from

personal funds, including payees, dates, purposes and amounts, which were reported as political expenditures and reimbursed from political contributions. TEX.ELEC.CODE ANN. § 253.035(h) (Vernon Supp.1994). Commissioner Eversole did not swear to a legal conclusion. He swore his officeholder report contained true and correct information, to wit, the payees of expenditures from personal funds which were reimbursed from political contributions. It did not. Under the facts of this case, we hold the rule enunciated in *Schoenfeld* does not apply. Had the Legislature elected to make perjury a penalty under the facts presented here, then Commissioner Eversole's statement in the affidavit that the report was true and correct and contained all required information would support such an indictment. We sustain the State's first point of error, subject to our overruling point of error number four.

▆▆▆ In its second point of error, the State contends the district court erred when it concluded the term "payee", as found in TEX.ELEC.CODE ANN. § 253.035(h)(1) (Vernon Supp.1994), was unconstitutionally vague and ambiguous. We agree. In interpreting a statute, we generally give words their ordinary meaning. *Geters v. Eagle Ins. Co.*, 834 S.W.2d 49, 50 (Tex.1992); *One 1985 Chevrolet v. State*, 852 S.W.2d 932, 935 (Tex.1993).

The indictments allege Eversole failed to report all information required to be reported under TEX.ELEC.CODE ANN. §§ 253.035(h), 254.031(a)(3)(4) (Vernon Supp.1994). The controversy centers around the meaning of the word "payee" as it relates to the statutorily defined terms "expenditures" and "political expenditures" in § 253.035(h). In § 254.031(a)(3) the word "payee" does not appear, but it is clear the legislature is requiring officeholders to report the full name and address of a party to whom a political expenditure of $50.00 or more is made. A political expenditure is an officeholder expense not reimbursable from public funds or a campaign expense. TEX.ELEC.CODE ANN. §§ 251.001(7), (9) (Vernon Supp.1994). The use of the word "expenditure" in this context clearly refers to officeholder or campaign expenditures—in other words, "political expenditures." Thus, use of the word payee in

this sense would refer to the party to whom the political expenditure was made. Section 254.031(a)(4) also does not use the word "payee", but it nonetheless is apparent the legislature wanted officeholders to report the full name and address of any party to whom a payment was made for a non-political expenditure from political contributions. The gist of these two sections is that the legislature clearly wanted full disclosure of the name and address of any party to whom money was paid out of political contributions, plus the amount paid and the purpose.

We now examine the disputed § 253.035(h). The relevant portions of the statute state:

(h) "... a candidate or officeholder who makes political expenditures from his personal funds may reimburse his personal funds from political contributions in the amount of those expenditures only if ... (1) the *expenditures from personal funds* were fully reported *as political expenditures,* including the payees, dates, purposes and amount of the expenditures, and, ..." (emphasis ours).

It is apparent an officeholder who makes a political expenditure from his personal funds may reimburse those funds from political contributions. He must also fully report the expenditures from personal funds as political expenditures. The report must include the payees, dates, purposes and amount of the expenditures. The underlined word "as" is used in its prepositional sense, and is principally defined as "after the manner of", "the same as", or "like." Webster's Third New International Dictionary 125 (1993); Webster's New Collegiate Dictionary 64 (1981). Thus, a plain reading of the statute reveals reimbursed expenditures from personal funds must be reported like, or in the same manner as, political expenditures, and this includes the names of the payees of the personal funds.

▆▆▆ Looking to the plain meaning of the statute, we find it is clear and unambiguous. It is not vague, it is not indefinite. When a statute is clear and unambiguous, courts do not, as a general rule, resort to rules of construction or extrinsic aids. *One 1985 Chevrolet v. State*, 852 S.W.2d 932, 935 (Tex.

1993). Thus, it is clear where the words of a statute are plain and unambiguous, there is no room for construction thereof. *Ex parte Roloff,* 510 S.W.2d 913, 915 (Tex.1974); *Osaka Shosen Kaisha Line v. United States,* 300 U.S. 98, 101, 57 S.Ct. 356, 357, 81 L.Ed. 532 (1937).

The plain meaning of the statute makes it self-evident an officeholder may, if he makes a political expenditure from his personal funds, reimburse himself from funds obtained through political contributions. The officeholder must, however, report the *expenditure* from personal funds as a political expenditure and he must list the payee, date, purpose and amount of the *expenditure* from personal funds. We hold the statute is not vague or indefinite.

■■ In its third point of error, the State maintains the district court erred in quashing the indictments on the basis they failed to allege an offense, since they contained allegations of omissions. The district court relied on *Burleson v. State,* 429 S.W.2d 479 (Tex. Crim.App.1968), as well as the long established rule that an omission cannot form the basis of a perjury prosecution. Facts constituting the offense of perjury must be averred directly and with certainty. *Id.* at 481.

Commissioner Eversole advanced two arguments to support this position. First, he argued the indictments alleged he failed to include certain information on the report forms. He argues the State should have alleged what information he should have included—what payees, what amounts, and what purposes. The second is that perjury must be based upon an affirmative false statement.

Commissioner Eversole swore all the information in his officeholder report (1) was true and correct, and (2) included everything which the Election Code required him to report. This is the affirmative statement of fact made by Commissioner Eversole. This sworn statement is what formed the basis of the State's indictments. The State's indictments set out that Commissioner made this sworn statement. The State then properly traversed the indictments by alleging that in truth the officeholder reports were not true and correct and did not include all informa-

tion required by the Election Code. The indictments stated that Eversole reported reimbursements to himself in certain amounts for expenditures from personal funds, but "failed to include in said report the amount of political expenditures as represented by said reimbursements . . ., the full name and address of said person to whom the expenditures were made, and the dates and purposes of the expenditures. . . ." It was not necessary that the indictments allege what payees, what amounts, and what purposes. All that was needed was the statement that in fact the officeholder report was not true and correct and did not include all required information. The indictment properly contradicts Commissioner Eversoles' sworn statement that the report was true and correct and contained all required information.

Likewise, the sworn statement was an affirmative statement of fact: that the form was true and correct and contained all required information. If it was not and did not, and Commissioner Eversole knew of these deficiencies, then he falsely swore the report was true and correct. Therefore, we sustain the State's third point of error.

■ We turn now to the State's fourth point of error. The State contends the district court erred in granting the motion to quash the indictments on the basis that it was the intent of the legislature to exclude the offense of perjury for an Election Code violation.

Commissioner Eversole argues that the legislative history of the statutes relating to officeholder reports demonstrates that as the reporting requirements have become more complex, the penalties for violating them have been decreased. Indeed, Texas law has long required political candidates and officeholders to file a sworn statement relating to their reports of contributions and expenditures. These same statutes also prescribed a specific criminal penalty for failing to file timely, accurate, and complete reports.

In 1925 the Penal Code required candidates to file a sworn statement with their contribution/expenditure reports. It stated:

Whoever shall willfully and corruptly make any false oath, affidavit or sworn statements in complying with the requirements of this article shall be fined not to exceed $1000.00 or be confined in jail for not more than one year, or both, or be confined in the penitentiary not less than one nor more than five years.

TEX.PENAL CODE ANN., art. 269 (Vernon 1928) (repealed 1974). In fact, article 269 set out all the reporting requirements for candidates, required them to file a report accompanied by a sworn statement, and provided a penalty for falsely swearing to the report. Article 269 was different from the broader offense of "False Swearing" in the Penal Code. *Compare*, TEX.PENAL CODE ANN. art. 310 (Vernon 1928) (False Swearing) (repealed 1974). Because the offense of false swearing on a campaigner's report was separate, distinct, and different from the general offense of false swearing it evidenced a clear intent on the part of the legislature that there should be a distinction between the two.

The 1975 recodification of the Election Code was a comprehensive revision of the prior law. It reduced the criminal penalties for a reporting violation. *See, Beck v. State,* 583 S.W.2d 338, 345 (Tex.Crim.App.1979) (noting changes in penalty provisions). The legislature did not spell out a specific criminal sanction for false swearing on an officeholder report. Instead, it referenced the perjury statute:

(I)(1) If any candidate, officer-holder, or campaign treasurer of a political committee fails to file a sworn statement containing all information required by this chapter within 15 days of the deadline provided herein, such person shall be guilty of a Class A misdemeanor. (2) Any candidate, office-holder, campaign treasurer, or other person managing a political committee who *swears falsely* in a filed statement is subject to the provisions of Section 37.02 of the Texas Penal Code.

TEX.ELEC.CODE ANN. § 14.07(I) (Vernon 1975) (repealed 1987) (emphasis ours). The changes were made the year after adoption of the 1974 Penal Code. The 1974 Penal Code brought together the former articles relating to false swearing in a single misdemeanor perjury statute. TEX.PENAL CODE ANN. § 37.02 (Vernon 1974). Thus, the legislature clearly intended the new misdemeanor perjury statute, known as false swearing under the old Penal Code, to apply where an officeholder swore falsely on his officeholder report. It retained provisions which made failure to file a timely report a strict liability offense and which was a Class A misdemeanor. The legislature distinguished between falsely swearing to an officeholder report and not filing an officeholder report on time.

In 1977, just two years later, the legislature reduced the penalty for the strict liability offense of failing to file a timely report to a Class C misdemeanor. Nonetheless, it retained the cross-reference to the perjury statute intact. Acts 1977, 65th Leg. p. 742, ch. 276, Sec. 14, eff. Aug. 29, 1977. Commissioner Eversole postulates this was because the reporting requirements and report forms had become more difficult for candidates and officeholders to decipher. In 1985, the article was renumbered to § 251.011(j). Acts 1985, 69th Leg., ch. 211, § 8, eff. Jan. 1, 1986.

In 1987, the legislature again revised the Election Code. The officeholder report requirements and contents, as well as the civil and criminal sanctions were changed. Section 254.041, Criminal Penalty for Untimely or Incomplete Report now reads:

(a) A person who is required by this chapter to file a report commits an offense if the person *knowingly* fails:

(1) to file the report on time; or

(2) *to include in the report information that is required by this title to be included.*

(b) Except as provided by Subsection (c), an offense under this section is a Class C misdemeanor.

(c) A violation of Subsection (a)(2) by a candidate or officeholder is a Class A misdemeanor if the report fails to include information required by Section 254.061(3) or Section 254.091(2), as applicable.

TEX.ELEC.CODE ANN. § 254.041 (Vernon Supp.1994) (emphasis ours).

There are two significant changes. First, failure to file a timely report or to include all required information is no longer a strict liability crime. Second, the former reference to perjury was eliminated. Commissioner Eversole suggests the word "knowingly" was inserted as the required culpable mental state for prosecution of a Class C offense for (1) not filing a report on time, or (2) not including all information required by Title 15. We agree.

We note first the legislature dictated that an officeholder or candidate who knowingly files a report which does not include all required information commits a Class C misdemeanor. Section 254.041(b) clearly defines the punishment in such a case. Commissioner Eversole, in his sworn affidavit, averred that his officeholder report was true and correct and contained all required information. If it did not include all information, then Commissioner Eversole violated the provisions of § 254.041(a)(2) and is guilty of committing a Class C misdemeanor.

The State argues that Commissioner Eversole's report did not contain all required information. Consequently, the State postulates, when Commissioner Eversole swore in his affidavit that the report contained all required information, he lied, and therefore left himself open to a prosecution for perjury. In reality, however, what the State seeks to prosecute Eversole for is not his statement, as they aver, but the affirmative fact that his report was incomplete. Perjury is a Class A misdemeanor, and the punishment it carries is greater than that for a Class C misdemeanor. The State is attempting to impose upon Commissioner Eversole, by way of the perjury charge, a punishment greater than that obviously intended by the legislature for officeholders who file a report which does not contain all required information. Clearly, the State's theory of prosecution is contrary to the intent of the legislature as expressed in its recodification of the Election Code.

Furthermore, the State's construction would bring § 254.041(a)(2) into conflict with § 37.02 of the Penal Code and effectively eviscerate the provisions of the former. Under these facts, both statutes encompass the same *mens rea.* To be guilty of perjury under § 37.02(a)(1), a person must make a false statement under oath. In the context of this case, Commissioner Eversole must have falsely sworn that his report was true and correct and contained all the information required by the Election Code, when in fact he *knew* it did not contain all required information, and was therefore not true and correct. Whether a report is "true and correct" is predicated upon whether or it not it includes all required information. Moreover, any *motive* for not including all the required information is *irrelevant.* Likewise, to be guilty of an offense under § 254.041(a)(2) of the Election Code, an officeholder must file a report which does not include the information required by the Election Code, when in fact he *knows* it does not contain all required information. In such a case the legislative intent is clear: the officeholder is subject to prosecution for a Class A misdemeanor. If we accepted the State's theory, however, the result would always be prosecution for the harsher offense of perjury. This would clearly bring § 37.02 of the Penal Code into conflict with § 254.041(a)(2) of the Election Code. The Election Code supersedes any conflicting statute outside the Code unless the code or outside statute expressly provides otherwise. TEX.ELEC.CODE ANN. § 1.002(b) (Vernon 1986).

Our analysis is further buttressed by the fact that the legislature went to great lengths throughout the Election Code to specifically set out the various civil and criminal penalties for violations of the Code. At one time the Penal Code contained a large number of statutes relating to elections, appointing campaign managers, paying workers, limiting campaign contributions and expenditures, and reporting. *See, e.g.,* TEX.PENAL CODE ANN. arts. 262–269 (Vernon 1928, 1948, 1952) (repealed 1974). These articles were removed from the Penal Code in 1974 and their equivalents were recodified in the new Election Code in 1975.

Today, the Election Code contains specific penalties for failing to file, or filing incomplete or inaccurate reports. For example, an officeholder or candidate required to keep a record of reportable activity and who fails to do so is guilty of a Class B misdemeanor.

Likewise, if an officeholder or candidate fails to return a political contribution which he has declined to accept, he is guilty of a Class A misdemeanor. And, as in the case at bar, failure to timely file a report or to include in the report information that is required by Title 15 is generally a Class C misdemeanor. An additional civil penalty is imposed on officeholders or candidates who file late reports. The Election Code also provides civil liability where an officeholder or candidate fails to report in whole or in part a campaign contribution, campaign expenditure, political contribution, or political expenditure. The civil liability penalty imposes damages, equal to treble the amount not reported, on any officeholder or candidate who fails to report in whole or in part a political expenditure. TEX.ELEC.CODE ANN. §§ 254.001(e), 254.034(e), 254.041(b), 254.042, 254.231, 254.232 (Vernon Supp.1994).

■ The reporting requirements are extremely complex. There are various methods by which the forms can be filled out, and the number of innocent mistakes that might be made are inestimable. The legislature has explicitly made filing a late or incomplete report subject to civil remedies to the State or an opposing candidate. Moreover, although once specifically cross-referenced by the Election Code as a penalty for falsely swearing to a report, the cross-reference to perjury in the Penal Code has been explicitly eliminated from the revised Election Code. We agree the general rule is that a false statement of fact in a sworn affidavit may subject one to a perjury prosecution. But in this specific instance that rule does not apply. The legislative intent is clear: the criminal penalty for knowingly filing an incomplete officeholder report is a Class C misdemeanor. Thus, Commissioner Eversole's argument that the legislature eliminated the reference to the perjury statute because it specifically intended that the general perjury statute no longer apply to incomplete officeholder reports is compelling.

■ It is a general rule of statutory construction that when the legislature amends a particular statute and omits certain language of the former statute in its amended version, the legislature specifically intended that the omitted portion is no longer the law. Every word excluded from a statute must be presumed to have been excluded for a reason. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex. 1985). We presume the legislature eliminated the cross-reference to perjury from the Election Code because it wanted officeholders and candidates to be liable to the State for specific "civil" penalties initiated by State designated attorneys, and some special misdemeanors, for filing incomplete or inaccurate reports. Clearly, the legislature considered the spectre of a treble damage civil penalty a greater deterrent than a perjury prosecution.

■ By enacting an amendment, the legislature is presumed to change the law. *Ex parte Trahan,* 591 S.W.2d 837, 842 (Tex. Crim.App.1979). We elect, therefore, to adopt a construction which gives effect to the intended change, as opposed to one that renders the amendment useless. The indictment of Commissioner Eversole is an attempt to exact a harsher penalty for filing an incomplete or inaccurate report by piggybacking a perjury charge, via the sworn affidavit, onto article 254.041(a)(2) of the Election Code. That article prescribes a criminal penalty if an officeholder or candidate does not include in his report information that is required by Title 15 to be included. Commissioner Eversole averred that the report was true and correct and contained all information required to be reported by Title 15 of the Election Code. If the information was not true, correct, or complete, he violated article 254.041(a)(2). The clear intent of the legislature is that this should be a Class C misdemeanor. The State has attempted to use the sworn affidavit required by Title 15 to impose a harsher penalty than the legislature intended.

If the legislature intends to apply the harsh penalty of perjury to financial reports filed by officeholders, it should so state with clarity to avoid even a hint of ambiguity. It seems a relatively simple act for them to include in § 254.041(a)(2) a specific reference that the perjury statute applies. Likewise, in the affidavit required by § 254.036(b) to be sworn to by the officeholder the legislature should require that the officeholder acknowl-

edge and swear he understands the penalty of perjury applies if he intentionally omits any information required by the Election Code. Clarity in the application of such a harsh offense as perjury is mandated to avoid ambiguity and the real or feigned misunderstanding it generates. Consequently, in light of the foregoing analysis, we hold the district court did not abuse its discretion when it quashed the indictment. We overrule the State's fourth point of error.

In their fifth point of error, the State alleges the district court erred in quashing the indictments because Commissioner Eversole's motions in effect claimed the State's evidence was insufficient to support a conviction. We agree with the State that an indictment returned by a legal and unbiased grand jury, that is valid on its face, mandates that the State be accorded its right to trial of the charge on the merits. *State v. Brock*, 788 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). We likewise agree that it is not the province of a motion to quash, nor the authority of the district court to grant such a motion, where an accused challenges the evidence to support an indictment. *State v. Zoch*, 846 S.W.2d 588, 589 (Tex.App.—Houston [14th Dist.] 1993, no writ).

Commissioner Eversole did not challenge the sufficiency of the evidence at the motion, however. Commissioner Eversole argued that the statutes upon which the State based its indictments were unconstitutionally vague and ambiguous. Commissioner Eversole presented evidence to support his argument. We find at least one case which came before this court and the Court of Criminal Appeals where the district court did the same thing: heard evidence at the motion to quash indictments concerning whether a statute was clear and unambiguous, or vague and indefinite. *Fogo v. State*, 830 S.W.2d 592 (Tex. Crim.App.1992). Consequently, we overrule the State's fifth point of error. We affirm the judgment.

ROBERTSON, Justice, dissenting.

Commissioner Eversole was indicted in four separate cases for perjury. The indictments charged that his oath on various campaign expenditure reports was false. The theory of the prosecution was that over a period of time the commissioner had reported payments of almost $100,000 to himself, from his office holder account, as reimbursements for personal funds he had expended for political purposes without detailing in the reports the necessary information required by the Election Code, which required information would make the reimbursements legal; thus, his oath that the report contained all the information required by the Election Code was false and the false statement was made with knowledge of the statement's meaning and was made with the intent to deceive.

The indictment in Cause no. 677, 981 (all indictments are identical except for dates and amounts), omitting the formal allegations, charged:

> heretofore on or about July 15, 1992, in his capacity as an officeholder, namely, a County Commissioner for Harris County, Texas, did then and there personally appear before Holly L. Anawaty, a notary public, authorized by law to administer oaths, and did then and there, after being duly sworn, make, under oath, a false statement on a *Candidate/Officeholder Sworn Report of Contributions and Expenditures* for the period January 1, 1992, through June 30, 1992, to-wit: "I swear or affirm that the accompanying report is true and correct and includes all information required to be reported by me under Title 15, Election Code", whereas in truth and fact the defendant did then and there fail to report all information required to be reported by the said defendant under Title 15, Election Code, [V.T.C.A. Election Code Section 253.035(h), and Section 254.031(a)(3), (4)] in that:
>
> > that said defendant reported a reimbursement to himself in the amount $2,677.36 on the page labeled 11 of 20, and a reimbursement to himself in the amount of $1,913.23 on the page labeled 12 of 20, and a reimbursement to himself in the amount of $1,016.57 on the page labeled 13 of 20, and a reimbursement to himself in the amount of $2,768.92 on the page labeled 14 of 20, and a reimburse-

ment to himself in the amount of $3,043.06 on the page labeled 15 of 20, and a reimbursement to himself in the amount of $3,404.08 on the page labeled 17 of 20 of said report filed July 15, 1992, in Harris County, Texas,

and failed to include in said report the amount of political expenditures as represented by said reimbursements that in the aggregate exceed $50.00, the full name and address of the person to whom the expenditures were made, and the dates and purposes of the expenditures, and expenditures which were not political expenditures as represented by said reimbursements, namely the amount of such payment, the full name and address of the person to whom the payment was made, the date and purpose of the payment, and the said defendant made said false statement with knowledge of the statement's meaning and with the intent to deceive, and said statement was required by law to be made under oath.

The majority holds that Section 254.041 of the Election Code, making it a Class C misdemeanor for one who is required to file a campaign expenditure report to knowingly fail "to include in the report information that is required" to be included, precludes the prosecution of one for perjury, even though the indictment alleges that he knowingly and with intent to deceive swears that he has included in the report all the information *required to be included.* I respectfully disagree. While at the close of the state's case the *evidence* may be such to warrant a directed verdict of not guilty, this in my opinion, is not a valid basis for quashing an indictment. I do, however, agree with the imminent trial judge that legislative action is needed.