**Cristela TAMAYO, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 09–95–194 CR.**

Court of Appeals of Texas, Beaumont.

Submitted May 15, 1996.

Decided May 29, 1996.

**214**

Kent W. Johns, Beaumont, for appellant.

Tom Maness, Criminal District Attorney and David W. Barlow, Asst. Criminal District Attorney, Beaumont, for the State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Cristela Tamayo was found guilty, by a jury, of perjury. The court assessed her punishment at thirty days' confinement in the county jail, probated for six months and a $250 fine. Tamayo brings five points of error. We shall address them in chronological, rather than numerical order.

■ Point of error three alleges the trial court erred in denying Tamayo's Motion to Quash the information on the ground it was untimely. On March 14, 1995, Tamayo's counsel received a Notice of Resetting with "Jury Trial" and "Pre-trial Motions" marked and the notation "This case is re-set until May 24, 1995 at 9:00 a.m." On May 23, 1995, the attorney filed four motions including the Motion to Quash. On May 24, the court announced it "convened to hear Pretrial Motions by the defendant." Tamayo's counsel presented argument regarding the Motion to Quash. Without any reply from the State, the following occurred:

THE COURT: Okay. In accordance with Article 1.14, the Code of Criminal Procedure, unless a Motion to Quash is presented before the day of trial then all defects, both form and substance, are waived. Therefore, your motion is denied. Okay. Anything else?

[Defense Counsel]: Your Honor, the notice I got of trial indicated that pretrial motions would be heard today. And that's the basis of my not presenting this motion prior to today.

THE COURT: If you want to present motions before the day of trial then you must set for a hearing. This hasn't been set for pretrial motion. It can't be heard on the day of trial, anyhow, as to defects in the charge against the instrument. [sic]

[Defense Counsel]: Your Honor, I would object. Note my exception to your ruling. I also have a Motion In Limine, your Honor.

THE COURT: Okay.

■ The State argues the court was correct in refusing to hear the motion because it was untimely under TEX.CODE CRIM.PROC. ANN. art. 28.01 § 2 (Vernon 1989) requiring

preliminary matters to be filed no later than seven days prior to the hearing, unless by permission of the court for good cause. Ordinarily, if a court's judgment or decision is correct on any theory it is not error and will not be disturbed. *Bisby v. State,* 907 S.W.2d 949 (Tex.App.—Fort Worth 1995, pet. ref'd). We decline to use this "right ruling, but for the wrong reason" rule in this case. We do so because under article 28.01 section 2, good cause may be shown to avoid the seven day rule. Since the trial judge did not advise defense counsel the court was relying upon article 28.01 section 2, Tamayo was deprived of the opportunity to make a good cause showing. The trial court was mistaken in viewing Tex.Code Crim.Proc.Ann. art. 1.14 (Vernon 1977 & Supp.1996), as requiring a motion to quash to be presented or heard prior to trial. The requirement is that the motion be filed prior to the day of trial and it may be presented the day of trial. *See Whitsey v. State,* 853 S.W.2d 769, 772 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). Consequently, we hold it was error for the trial court to deny the motion to quash based upon article 1.14.

 Unfortunately, neither Tamayo nor the State has briefed the point on the issue of reversible error. The Motion to Quash was based upon lack of notice. In determining whether a defect of notice in an information harmed a defendant, this court must first decide whether the information failed to convey some requisite item of notice and, if sufficient notice was not given, whether, in the context of the case, this had an impact on the defendant's ability to prepare a defense and, if so, how great an impact. *Saathoff v. State,* 908 S.W.2d 523, 528 (Tex.App.—San Antonio 1995, no pet.). The information set out the false statement, to whom it was made, the facts establishing the statement as false, along with the allegations that the statement was made under oath, with the knowledge of the statement's meaning, with intent to deceive and the statement was required and authorized by law to be made under oath. Tex.Penal Code Ann.

§ 37.02(a)(1) (Vernon 1994) states in pertinent part: "(a) A person commits an offense if, with intent to deceive and with knowledge of the statement's meaning: (1) he makes a false statement under oath ... and the statement is required or authorized by law to be made under oath...." "Facts constituting the offense of perjury must be averred directly and with certainty." *State v. Eversole,* 889 S.W.2d 418, 422 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) (citing *Burleson v. State,* 429 S.W.2d 479, 481 (Tex.Crim.App. 1968)). We fail to see how the State could have plead any more directly or given Tamayo any more notice of what she was required to defend against. The information was not insufficient. Point of error three is overruled.

 Point of error four alleges "[t]he trial court erred in failing to exclude State's Exhibit 1, as hearsay, in that said document was either [sic] authenticated or admissible under any exception to the Hearsay Rule." Tamayo also argues the admission of the evidence violated Tex.R.Crim.Evid. 801. State's Exhibit 1 was the typewritten statement, signed and sworn to Tamayo, given to Beaumont Police Detective Larry Thomas. It was, in effect, the demonstrative evidence of the State's case. "An extrajudicial statement or writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay." *Dinkins v. State,* 894 S.W.2d 330, 347 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). The exhibit, as offered, was not hearsay under Tex.R.Crim.Evid. 801. There was no error in its admission. Point of error four is overruled.

 Point of error five contends the trial court erred in failing to grant Tamayo's motion for instructed verdict. This point argues a conviction for perjury will not be sustained if the only proof of the falsity of the statement is made by one witness; in other words, the testimony of one witness who is not corroborated is insufficient.[1] Tamayo's

---

1. The argument relies upon cases under former Tex.Code Crim.Proc.Ann. art. 38.18 (the 1965 code). The current article, Tex.Code Crim.Proc.

Ann. art. 38.18 (Vernon 1979) (amended in 1973), no longer requires the testimony of two credible witnesses or of one credible witness corroborat-

motion was based upon "the language as ascertained from the *Savage v. Herron* [sic] case ... And *Ziegler v. State....*" Tamayo represented that these cases, *Ziegler v. State*, 121 Tex.Crim. 91, 50 S.W.2d 317 (1932) and *Savage v. Herrin Transfer and Warehouse Co.*, 219 S.W.2d 101 (Tex.Civ.App.—Galveston 1949, no writ), stood for the proposition that a perjury or false swearing case must be based upon an intent to deceive with false facts rather than opinion or mere inadvertent statements.

Tamayo's complaint on appeal differs from the motion made at trial, therefore nothing is preserved for review. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Crim.App.1995); *Adams v. State*, 869 S.W.2d 674, 676 (Tex.App.—Beaumont 1994, pet. ref'd). This point of error is overruled.

■ Points of error one and two urge error in charging the jury. Point of error one claims the court erred in refusing to include an instruction that when a person makes a statement in the belief that it is true, it is not considered a perjured statement. Point of error two claims the court erred in refusing to include an instruction that if a person made a statement as a result of mistake, it should not be considered to be a perjured statement.

Tamayo apparently relies upon *Gauthier v. State*, 496 S.W.2d 584 (Tex.Crim.App.1973)[2] as support. Gauthier, however, was decided under the prior statute. As noted in *Covalt v. State*, 877 S.W.2d 445, 449 (Tex.App.—Houston [1st Dist.] 1994, no pet.), the former statute did not require the State to prove that a defendant acted with the "intent to deceive and ... knowledge of the statement's meaning." The present statute has such a requirement, thus "if the jurors believed or had a reasonable doubt that appellant thought her statement was true when she made it, they would necessarily be unable to find that she 'intended to deceive'; thus, acquittal would be required without the requested affirmative defense charge". *Id.* at

449. We believe *Covalt* is a correct interpretation of the present statute. These points of error are overruled.

The judgment is affirmed.

AFFIRMED.

---

ed strongly by other evidence but only requires the State to produce more than one witness. *Chandler v. State*, 756 S.W.2d 828, 829 (Tex.App.—Corpus Christi 1988, pet. ref'd). Here the State produced four witnesses.

**2.** We say apparently because Tamayo cites *Guathier v. State*, 496 S.W.2d 445 (Tex.App.—Houston [1st Dist.] 1994, no writ); however no such case exists.