The **STATE** of Texas, Appellant,

v.

**Gerald Ray EVERSOLE, Appellee.**

**Nos. 1361–94 to 1364–94.**

Court of Criminal Appeals of Texas,
En Banc.

May 10, 1995.

Cathleen C. Herasimchuk and Rusty Hardin, Houston, for appellee.

John B. Holmes, Jr., Dist. Atty., and Calvin A. Hartman & Terry Wilson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Appellee's and State's petitions for discretionary review refused.

BAIRD, Judge, dissenting.

Today, the Court avoids our responsibility to the people, the bench and bar, and refuses to review the instant case which presents issues important to all Texans. Indeed, I have not seen a case more worthy of our consideration in some time.

Every elected official is required to file an officeholder contribution/expenditure report. Tex. Election Code § 254.093. Within that report, the officeholder must report any reimbursement of personal funds used for campaign expenditures. *See*, Tex. Election Code §§ 253.035(h) & 254.031(a)(3–4). And each such report must be accompanied by the officeholder's affidavit attesting to the completeness of the report and the truthfulness of the information provided therein. Tex. Election Code 254.036(b).

**I.**

Appellee is a Harris county commissioner. In four indictments the State alleged appellee committed perjury by misrepresenting, under oath, the reimbursement of personal funds used for campaign expenditures in his contribution/expenditure report. The State alleged appellee failed to report to whom the personal funds were expended and listed himself as payee in order to mislead the public.

Appellee moved to quash each indictment alleging: 1) the offense of perjury, Tex. Penal Code Ann. § 37.02, is inapplicable to a contribution/expenditure report; 2) the reporting requirements of Tex. Election Code § 253.035 are "fatally ambiguous"; 3) Tex. Election Code § 253.035 is unconstitutionally vague; and, 4) the indictments failed to allege an offense and did not provide appellee with notice of the offenses for which he was charged. Appellee supplemented his motion to quash with evidence that the contribution/expenditure reports filed by the Lieutenant Governor, the Speaker of the House, the Attorney General and numerous legislators failed to report to whom personal funds were expended and simply listed the officeholder as payee.

The trial judge granted appellee's motion to quash sustaining each ground and the State appealed. The Court of Appeals held the oath required by Tex. Election Code § 254.036(b) will support a perjury prosecution; the term "payee" of Tex. Election Code

§ 253.035 was not unconstitutionally vague or ambiguous; and, the indictments did allege an offense. *State v. Eversole,* 889 S.W.2d 418, 420–421 (Tex.App.—Houston [14th Dist.] 1994). However, the Court of Appeals held the trial judge properly heard evidence in support of appellee's motion to quash and, further, the trial judge correctly held the Legislature intended violations of the Election Code to be excluded from prosecution for perjury. Thus, the Court affirmed the trial judge's order quashing the indictment. *Id.,* 889 S.W.2d at 424–425.

Both the State and appellee have petitioned this Court for discretionary review. The State contends: 1) the Court of Appeals erred in concluding the Legislature did not intend for an election code violation to be subject to a perjury prosecution; and 2) the Court of Appeals erred in allowing the trial judge to conduct an evidentiary hearing on a motion to quash.[1] Appellee contends: 1) the Court of Appeals erred in holding the oath required by § 253.036 would support a perjury prosecution; 2) the Court of Appeals erred in holding § 253.035 was not unconstitutionally vague and ambiguous; and, 3) the Court of Appeals erred by holding the indictments alleged an offense.[2]

## II.

We may review the decisions of the courts of appeals with or without a petition for discretionary review. Tex.R.App.P. 200(a). *See also,* Rule 202(a); *Schwerdtfeger v. State,* 749 S.W.2d 781, 782 (Tex.Cr.App.1988); *and, Dickens v. Court of Appeals For Second Supreme Judicial District,* 727 S.W.2d 542, 554 (Tex.Cr.App.1987). However, discretionary review is a matter of sound judicial discretion. Rule 200(b). *See, State ex rel. Holmes v. Honorable Court of Appeals for Third Judicial District,* 885 S.W.2d 389, 421 (Tex.Cr.App.1994); *Garrett v. State,* 749 S.W.2d 784, 786 (Tex.Cr.App.1986); *and, Jimenez v. State,* 717 S.W.2d 1 (Tex.Cr.App. 1986). The Texas Rules of Appellate Procedure provide six reasons for determining whether to grant review:

(1) Where a court of appeals has rendered a decision in conflict with the decision of another court of appeals on the same matter;

(2) Where a court of appeals has decided an important question of state or federal law which has not been, but should be, settled by the Court of Criminal Appeals;

(3) Where a court of appeals has decided an important question of state or federal law in conflict with applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States;

(4) Where a court of appeals has declared unconstitutional, or appears to have misconstrued, a statute, rule, regulation, or ordinance;

(5) Where the justices of the court of appeals have disagreed upon a material question of law necessary to its decision; and

(6) Where a court of appeals has so far departed from the accepted and usual

---

**1.** The State's grounds for review are:

THE COURT OF APPEALS ERRED IN CONCLUDING THAT THE TRIAL COURT CORRECTLY GRANTED RESPONDENT'S MOTIONS TO QUASH THE INDICTMENTS ON THE BASIS THAT IT WAS THE INTENT OF THE LEGISLATURE TO EXCLUDE THE OFFENSE OF PERJURY FOR AN ELECTION CODE VIOLATION.

THE COURT OF APPEALS ERRED IN HOLDING THAT THE TRIAL COURT COULD CONDUCT AN EVIDENTIARY HEARING ON RESPONDENT'S MOTIONS TO QUASH THE INDICTMENTS, THEREBY, IN EFFECT GRANTING A SUMMARY JUDGMENT ON THE SUFFICIENCY OF THE EVIDENCE.

**2.** Appellee's grounds for review state:

DID THE COURT OF APPEALS ERR IN HOLDING THAT THE OATH REQUIRED BY THE ELECTION CODE IS NOT A LEGAL CONCLUSION FOR PURPOSES OF A PERJURY INDICTMENT?

DID THE COURT OF APPEALS ERR IN HOLDING THAT THE TRIAL JUDGE ABUSED HIS DISCRETION IN CONCLUDING THAT THE PERTINENT ELECTION PROVISIONS WERE UNCONSTITUTIONALLY VAGUE AND AMBIGUOUS AS APPLIED IN THE PRESENT PERJURY PROSECUTION?

DID THE COURT OF APPEALS ERR IN HOLDING THAT THE TRIAL JUDGE IMPROPERLY CONCLUDED THAT THE PRESENT INDICTMENTS FAILED TO ALLEGE AN OFFENSE?

course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for the exercise of the Court of Criminal Appeals' power of supervision.

Rule 200(c). The State and appellee contend the second, third and fourth reasons require our review of the instant case.

### III.

To resolve the instant case, the Court of Appeals necessarily construed our perjury statute, Tex.Penal Code Ann. § 37.02, in conjunction with provisions of the Election Code. The parties contend the Court of Appeals failed in their statutory construction. Therefore, our review would be proper.

Additionally, each county has elected officials who are required to file contribution/expenditure reports. The judges of the district courts and county courts file contribution/expenditure reports just as the justices of the courts of appeals must. Thirty-one state senators and one hundred-fifty representatives must file contribution/expenditure reports. Finally, the Governor, Lieutenant Governor, Attorney General and every other state-wide elected official must file such a report. Indeed, the issues raised in these petitions affect every level of government and every geographical area of the State in a manner matched by no recent decision of this Court. It is hard to imagine a more important question of law, currently before the Court, which should be settled.

### IV.

Rather than tackle the tough issues presented in this case, the Court refuses both appellee's and the State's petitions for discretionary review. I believe the issues presented in the instant case should be settled by a court with "final appellate jurisdiction coextensive with the limits of the state." Tex. Const. art. V, § 5. And this is that Court. Therefore, I would grant review of the instant case. However, because the State, appellee and I have failed to convince at least three other judges on this Court that the issues in the instant case are worthy of our consideration, the instant petitions are being refused. To such action I respectfully dissent.