**The STATE of Texas, Appellant,**

v.

**Guadalupe SALINAS, Appellee.**

**Nos. 01–95–00880–CR to 01–95–00882–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1997.

Rehearing Overruled Oct. 14, 1998.

George Parnham, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for Appellee.

Before ANDELL, TAFT and PRICE,* JJ.

## OPINION ON MOTION
## FOR REHEARING

ANDELL, Justice.

This Court granted the State's motion for rehearing and heard oral argument. We withdraw our previous opinion and substitute this opinion in its place.

The State complains the court erred in quashing three indictments against appellee. We affirm.

Appellee, an elected Harris County District Judge, was indicted by a grand jury for six offenses in connection with his original and amended reports of contributions and expenditures, including three counts of misdemeanor perjury. The perjury indictments charged appellee with (1) falsely claiming he did not receive a series of blank checks from his bank, when in truth he did receive them and used them to spend more than $2000, (2) falsely swearing his contributions and expenditures report was true and correct, and (3) falsely claiming he bought flowers for his staff, when in truth the flowers were delivered to his wife.

While the causes were pending before the trial court, the Court of Criminal Appeals refused both parties' petitions for discretionary review in *State v. Eversole*, 889 S.W.2d 418 (Tex.App.—Houston [14th Dist.] 1994), pet. ref'd, 899 S.W.2d 204 (Tex.Crim.App. 1995), which holds the Election Code, not the Penal Code, governs punishment for public officials who violate the contributions and expenditures report requirements. Citing *Eversole*, the trial court ordered the three perjury indictments quashed and dismissed.

In point of error one, the State argues the trial court erred in dismissing the indictments because it could have prosecuted appellee either under the Penal Code or the Election Code, at its option. The State also argues its references in the indictments to the Election Code were surplusage, and it could reindict appellee for perjury by eliminating any such reference. We disagree.

▉ Whether one statute precludes another is a matter of statutory construction, and statutory construction is a question of law. We review questions of law *de novo*,[1]

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. We respectfully suggest that the *Eversole* court stated the wrong standard of review. One factor creating confusion in the case law is the failure to distinguish between a motion to quash and a motion to dismiss. The Code of Criminal Procedure uses the terminology "motion to set aside" rather than "motion to quash" and "motion to dismiss," even though these designations are common in practice. A motion to quash may contend that the indictment is too vague to give adequate notice of the defendant's alleged conduct. See, e.g., *Thomas v. State*, 621 S.W.2d 158, 163 (Tex.Crim.App.1981) (stating motion to quash will be granted where language concerning defendant's conduct is so vague or indefinite as to deny effective notice of alleged acts). This is an exception to the form of an indictment. See Tex.Code Crim. P. Ann. art. 27.09(2) (Vernon 1989). A motion to dismiss, however, is generally directed at a defect of substance that precludes prosecution altogether. See Tex.Code Crim. Proc. Ann. art. 27.02(1) (Vernon 1989). Appellee

without deference to the trial court's conclusions. See *State v. Heal*, 917 S.W.2d 6, 9 (Tex.1996).

 Perjury, a Class A misdemeanor, occurs when:

(1) a person;

(2) makes a false statement;

(3) under oath;

(4) with intent to deceive; and

(5) with knowledge of the statement's meaning.

Tex. Penal Code Ann. _ 37.02 (Vernon 1994).

Violation of Election Code section 254.041, Criminal Penalty for Untimely or Incomplete Report, is a Class C misdemeanor and occurs when:

(1) a candidate or officeholder;

(2) knowingly fails to include required information;

(3) in a report of contributions and expenditures.

Tex. Elec.Code Ann. _ 254.041 (Vernon Supp. 1998). Additionally, the Election Code requires that all reports bear an affidavit swearing that the report is true and correct and includes all information required to be reported. Tex. Elec.Code Ann. _ 254.036 (Vernon Supp.1998)

Several elements of perjury and a section 254.041 violation are the same. Perjury punishes false statements, and section 254.041 punishes knowing failure to include required information, which necessarily makes false the accompanying sworn statement that the report is true, correct, or complete. Perjury requires intent to deceive, while section 254.041 requires knowing failure to include all required information in spite of an oath to the contrary: Though not stated in the same words, both statutes clearly require intent to deceive. Additionally, perjury requires knowledge of the statement's meaning, an element that is the very basis of the Election Code's affidavit requirement. Finally, both statutes require that the prohibited conduct take place under oath.

Up to this point, the statutes prohibit the same conduct; the remaining two elements differ only because section 254.041 is more narrowly tailored. Perjury applies to any person, whereas section 254.041 punishes a particular class of persons—candidates and public officials. Likewise, perjury relates to any sworn statement, but section 254.041 is limited to contributions and expenditure reports.

 Where one statute has broadly defined an offense, and a second makes a more narrow definition, complete within itself, the narrow statute prohibits conduct that would otherwise meet every element of, and hence be punishable under, the broader provision. *Mills v. State*, 722 S.W.2d 411, 414 (Tex. Crim. App. 1986). Where, as here, the narrow provision provides for a lesser range of punishment than the general, an irreconcilable conflict exists, and due process and due course of law dictate that an accused be prosecuted under the special provision, in keeping with the presumed legislative intent. *Id.* Where the conflict between the general provision and the special provision is irreconcilable, the special provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail. Tex. Gov't Code Ann. _ 311.026 (Vernon 1988). The perjury statute was enacted in 1973; section 254.041 was not enacted until 1987.

Finally, the Election Code provides: "This code supersedes a conflicting statute outside this code unless this code or the outside statute expressly provides otherwise." Tex. Elec.Code Ann. _ 1.002(b) (Vernon 1986). Because neither the Election Code nor the perjury statute expressly provides otherwise,

---

filed both motions to quash and to dismiss in the present situation, and the trial court's order both quashed and dismissed the indictments.

Rather than say the standard of review on a motion to quash is abuse of discretion, while a motion to dismiss requires de novo review, it is more prudent to determine whether the issue involved in the motion is one of fact or law.

Here, the issue is which statute applies, a question of law requiring de novo review.

The *Eversole* court actually conducted de novo review with an unnecessary overlay of the abuse of discretion standard. We feel the court's reasoning was unaffected by the error; however, we use our own analysis to reach the same result.

the Election Code supersedes the perjury statute.

We overrule point of error one.

In point of error two, the State contends the trial court erred in dismissing the indictments because the ruling constituted a premature determination of the sufficiency of the evidence. We disagree. The appellant did not challenge the sufficiency of the evidence in his motion, and the court did not address evidentiary sufficiency. The court dismissed the indictments because they did not state a lawful charge.

We overrule point of error two.

Finally, the State argues that the legislature decisively repudiated the decision in *Eversole* by promulgating a new statute, Tex. Gov't Code Ann. _ 571.077 (Vernon Supp. 1998). The statute reads:

### § 571.077 Statements, registrations, and reports considered to be verified

(a) A statement, registration, or report that is filed with the commission is considered to. be under oath by the person required to file the statement, registration, or report regardless of the absence of or defect in the affidavit of verification, including a signature.

(b) A person required to file a statement, registration, or report with the commission is subject to prosecution under Chapter 37, Penal Code, regardless of the absence of or defect in the affidavit of verification.

(c) This section applies to a statement, registration, or report that is filed with the commission electronically or otherwise.

Tex. Gov't Code Ann. _ 571.077 (Vernon Supp.1998) (emphasis added).

■ The State argues the statute demonstrates the legislature's intent that politicians who knowingly make misrepresentations in

their financial reports be liable for perjury. However, the State concedes that section 571.077 does not apply to appellee, who is an elected judge of a single-county district, and is, therefore, required to file his reports only with the county clerk and not the State Ethics Commission. Tex. Elec.Code Ann. § 252.005(1), (2) (Vernon Supp.1998).[2]

We overrule the State's third point of error.

We affirm.

TAFT, J., dissents.

TAFT, Justice, dissenting on motion for rehearing.

The State of Texas asks for rehearing for substantial reasons, including: (1) the majority opinion used the wrong standard of review—abuse of discretion rather than de novo determination—of the trial court's ruling on a motion to quash involving only a question of law; (2) the majority (and my concurring/dissenting opinion) used the wrong standard for determining when statutes are in pari materia; and (3) the majority made no attempt to harmonize the two statutes allegedly in conflict. The State asserts that: (1) the first reason renders the majority opinion at odds with well-settled principles recognized by all courts; (2) the second reason renders the majority and concurring/dissenting opinions in conflict with the leading Court of Criminal Appeals cases, as well as this Court's opinion in *Johnson v. State*, 882 S.W.2d 39 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (analyzing in pari materia issues by comparing elements, penalties, and objectives of respective statutes); and (3) the third reason demonstrates that the concurring/dissenting opinion, rather than the majority opinion, is more consistent with this Court's opinion in *Lopez v. State*, 756 S.W.2d

---

2. Election Code sections 252.005, subsections (1) & (2), states:

An individual must file a campaign treasurer appointment for the individual's own candidacy with:
(1) the commission, if the appointment is made for candidacy for:
 (A) a statewide office;
 (B) a district office filled by voters of more than one county;
 (C) state senator;
 (D) state representative; or
 (E) the State Board of Education;
(2) the county clerk, if the appointment is made for candidacy for a county office, a precinct office, or a district office other than one included in Subdivision (1).

Tex. Elec.Code Ann. § 252.005(1) & (2). (Vernon Supp.1998).

49 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (courts are to harmonize different statutes whenever possible). The majority opinion sustains the State's first argument on rehearing and employs the correct standard of review of the trial court's ruling. Because of the importance of the issue before us to the maintenance of the integrity of our State's elected officeholders, and because the State has exposed fundamental errors in our original opinions, two of which the panel majority has not addressed on rehearing, I believe this case deserves to be reheard by this Court sitting en banc.

### Wrong Standard Regarding In Pari Materia

In both the majority and concurring/dissenting opinions issued August 22, 1996, we relied upon *Mills v. State* for our statement of the doctrine of in pari materia. 722 S.W.2d 411 (Tex.Crim.App.1986). As the State correctly points out, we relied upon a portion of the opinion in *Mills* that did not even purport to define in pari materia, but rather gave examples of cases in which the Court of Criminal Appeals had found two statutes to be in pari materia. *Id.* at 414. Those examples involved situations where the same conduct could be punishable under two statutes, one broadly defined and another more narrowly defined, in which the punishment range was less for the more narrowly defined statute. *Id.*

As the State also points out, *Mills* had previously defined the doctrine of in pari materia earlier in the opinion:

> The rule of in pari materia is nothing more than a principle of statutory interpretation, a means of devining [sic] and giving full effect to legislative intent. Two statutes that are in pari materia are to be construed together, "each enactment in reference to the other, as though they were part of one and the same law. Any conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." Statutes may be said to be in pari materia "when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object. Characterization of the object or purpose is more important than characterization of subject matter in determining whether different statutes are closely enough related to justify interpreting one in light of the other."

*Mills*, 722 S.W.2d at 413 (citations omitted) (emphasis added). This Court followed *Mills* in *Johnson v. State*, 882 S.W.2d 39, 41 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd).

The State uses the original majority opinion's own language to demonstrate that the Election Code and perjury statute have different objectives applicable to different classes of persons: "The purpose of the penalty provisions of section 254.041 of the election code is to punish a particular class of persons—candidates and public officials—who knowingly violate a law applicable only to them; perjury, by contrast, is an offense applicable to any person who swears falsely under oath about any subject."

It is only after determining that statutes have the same objective, i.e., are in pari materia, that one proceeds to determine if they are in unresolvable conflict after which the specific is held to control over the general. Our original opinions skipped the threshold inquiry, as does the majority opinion on rehearing.

Therefore, I would sustain the State's point on rehearing that we used the wrong standard for determining whether statutes are in pari materia. The inescapable result of using the proper standard is to hold that the election code violations and perjury prosecutions are not in pari materia; thus, prosecutions for either are proper.

### No Attempt to Harmonize

Even if the majority opinion were correct that the statutes are in pari materia, the majority opinion made no effort to harmonize to the extent possible. Cf. *Mills*, 722 S.W.2d at 413 (conflicting statutes in pari materia will be harmonized to the extent possible). Such an attempt is illustrated by my original concurring/dissenting opinion in which I would have held the trial court correctly applied *Eversole* to allegations of omissions,

but not to allegations of misrepresentations. My rationale was that the Election Code does not proscribe affirmative misrepresentations, only omissions. Thus, there is no conflict with the perjury statute in regard to prosecutions for affirmative misrepresentations in a candidate or officeholder report.

### Other Reasons to Grant Rehearing

There are two more reasons to grant the State's motion for rehearing: (1) to address the correctness of *State v. Eversole*, 889 S.W.2d 418 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd, 899 S.W.2d 204 (Tex.Crim. App.1995)); and (2) to address an untimely argument of the State that impacts on an analysis of *Eversole*.

### A. Eversole

The stated basis for the trial court's ruling was the *Eversole* case. Clearly, it is the leading case on the issue before us. The majority opinion states it is using its own analysis to reach the same result as *Eversole*, and peremptorily dismisses the State's argument that the legislature repudiated the *Eversole* decision, without any analysis of that decision.

In my concurring/dissenting opinion of August 22, 1996, I concluded that the *Eversole* opinion was correct as it applied to omissions from a report, but incorrect as it applied to affirmative misstatements in a report. After reconsideration, I have come to the conclusion that the *Eversole* majority opinion is wholly incorrect. The majority opinion on rehearing acknowledges that the *Eversole* majority opinion stated the wrong standard of review. Perhaps the most important error, however, is that the *Eversole* majority overlooked the main distinguishing element between Election Code reporting violations and perjury, namely, intent to deceive. The majority opinion in *Eversole* erroneously states that both statutes encompass the same mens rea. *Id.* at 424. It also asserts in regard to perjury that "any motive for not including all the required information is irrelevant." *Id.* In perjury, the motive is an element of the offense, i.e., the specific intent to deceive; it is not only relevant, it is the crux of the offense.

Existence of the intent to deceive as an element in perjury eliminates any conflict between perjury and Election Code reporting violations. Therefore, whether Election Code reporting violations involve omissions or affirmative misrepresentations, if a candidate or officeholder swears that the report is true and complete with intent to deceive, prosecution for perjury is warranted. As the dissenting opinion in *Eversole* observes, proving intent to deceive is another matter. *Id.* at 427 (Robertson, J., dissenting).

The majority opinion on rehearing finds the elements of the Election Code violation and perjury the same by equating "knowing failure to include all required information in spite of an oath to the contrary" with "intent to deceive." A simple example shows the dissimilarity between the two concepts. Most candidate and officeholder activity becomes reportable when an aggregate amount of $50 is reached, except amounts from political contributions spent for nonpolitical purposes where no minimum amount is prescribed. Tex. Elec.Code Ann. _ 254.031(a)(1), (3) (Vernon Supp.1998). Thus, a candidate or officeholder who spends two dollars from political contributions for nonpolitical purposes might knowingly omit reporting this required information because it is a trivial amount, without intending to deceive anyone.

Because the *Eversole* majority opinion was the stated basis of the trial court's decision, because it is the leading decision on the issue, and because it found that both statutes at issue encompass the same mens rea, as well as for other reasons set out below, I believe it is incumbent on us to thoroughly address the correctness of the Eversole majority opinion.

### B. The State's Complaint

The majority opinion on rehearing addresses the State's complaint that we did not consider an argument presented for the first time in the State's supplemental brief. The majority peremptorily dismisses the State's argument because the statute involved does not apply to appellee. While I am unpersuaded that we are obligated to address such

an untimely argument, I would find the argument worth examining on its merits.

The State's argument is that two of the rationales for the *Eversole* decision are undermined by the subsequent enactment of a law providing for prosecution under the perjury statute for Election Code reporting violations. The two undermined rationales are: (1) that elimination of any mention to perjury in the specific election code statute involved here showed a legislative intent that perjury no longer be used to prosecute election code reporting violations; and (2) that Election Code reporting has become so complex that the legislature does not want to punish violations under the perjury statute. See *Eversole*, 889 S.W.2d at 422–25. The enactment of section 571.077, Texas Government Code, a statute that eliminates the need for swearing to a report filed electronically as a prerequisite to prosecution for perjury clearly contradicts two of the cornerstones of the *Eversole* majority opinion. Tex. Gov't Code Ann. _ 571.077 (Vernon Supp.1998).

## C. Rehearing En Banc

A final reason to grant the State's motion for rehearing en banc is the importance of the issue in this case to the enforcement of statutes attempting to uphold the integrity of the State's elective system, as well as to police the integrity of candidates and officeholders throughout Texas. We must not recoil, or even appear to recoil, from addressing an issue because it may ultimately affect ourselves, as officeholders who have to make the same bothersome reports.

## Conclusion

I respectfully dissent to the majority's opinion on motion for rehearing.