NO. 07-02-0046-CR


NO. 07-02-0047-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MARCH 7, 2002



______________________________




GREGORY LYNN FRANKLIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 42,935-A & 31,402-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Following his plea of not guilty, appellant Gregory Lynn Franklin was convicted by
a jury of delivery of a controlled substance in cause number 42,934-A. The record in
cause number 42,934-A reflects that appellant negotiated a plea bargain for punishment
of 25 years confinement in exchange for his agreement to plead guilty to delivery of a
controlled substance in cause number 42,935-A and burglary of a habitation in cause
number 31,402-A, each carrying sentences of eight years. Upon receipt of the plea
agreement, the trial court informed appellant of his right to appeal his conviction in cause
number 42,934-A; however, in accepting appellant's guilty pleas in the remaining two
causes, the trial court admonished appellant and explained that he would not have a right
of appeal. Notwithstanding the trial court's announcement that he would not have the right
to appeal, appellant filed general notices of appeal from his plea-bargained convictions
in cause numbers 42,935-A and 31,402-A. By the notices he asserted he could not perfect
an appeal pursuant to Rule 25.2(b)(3)(A) and (B) of the Texas Rules of Appellate
Procedure for jurisdictional defects or by written motions ruled on before trial. Instead, he
requested that the trial court grant him permission to appeal pursuant to Rule
2.52(b)(3)(C). We dismiss the purported appeals for want of jurisdiction. 

 Appellate jurisdiction is invoked by filing a timely and proper notice of appeal. See
State v. Riewe, 13 S.W3d 408, 410 (Tex.Cr.App. 2000). To perfect an appeal from a
judgment that was rendered on a defendant's guilty plea and in which the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to
by the defendant, a notice of appeal must (a) specify that the appeal is for a jurisdictional
defect; (b) specify that the substance of the appeal was raised by written motion and ruled
on before trial; or (c) state that the trial court granted permission to appeal. Tex. R. App.
P. 25.2(b)(3); see also White v. State, 61 S.W.3d 424, 428-29 (Tex.Cr.App. 2001) (holding
that the notice requirements set forth in Rule 25.2(b)(3) should be interpreted according
to their plain meaning and that failing to meet the requirements fails to invoke the
jurisdiction of an appellate court). 

 Appellant's notices of appeal do not contain any of the requirements set forth in
Rule 25.2(b)(3) necessary to invoke this Court's jurisdiction over his convictions. Thus,
our jurisdiction has not been invoked and the appeals are dismissed for want of
jurisdiction.

 Don H. Reavis

 Justice


Do not publish.



l', sans-serif">                                                                                                           Appellant

v.

THE STATE OF TEXAS, 

                                                                                                           Appellee
_________________________________

FROM THE 216TH DISTRICT COURT OF KERR COUNTY;

NOS. A05-278 & A05-320; HON. KARL PROHL, PRESIDING
_______________________________

Opinion
_________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant, Charles Sisco Newman, was convicted of both possessing a controlled
substance in a drug-free zone and engaging in organized criminal activity. He contends
on appeal that 1) the trial court abused its discretion in ordering the sentences for those
crimes to run consecutively, and 2) the evidence is legally insufficient to support the
conviction of engaging in organized criminal activity. We affirm. 
 
          Stacking of Sentences
          Appellant was tried for both offenses mentioned above in the same criminal trial.
Furthermore, he received a sentence of ten years for possessing methamphetamine and
40 years for engaging in organized criminal activity. The sentences were ordered to run
consecutively by the trial court. Additionally, the accusation about appellant possessing
controlled substances was one of the allegations in the indictment used to illustrate his
involvement in organized criminal activity. These circumstances, according to appellant,
when considered within the framework of §3.03 of the Texas Penal Code, purportedly
require that his sentences run concurrently. We disagree. 
          Per §3.03 of the Penal Code:
When the accused is found guilty of more than one offense arising out of the
same criminal episode prosecuted in a single criminal action, a sentence for
each offense for which he has been found guilty shall be pronounced. Except 
as provided by Subsection (b), the sentences shall run concurrently.

Tex. Pen. Code Ann. §3.03(a)(Vernon Supp. 2008).


 Yet, another statute provides that
“[p]unishment that is increased for a conviction for an offense listed under this section [i.e.
Texas Health and Safety Code, §481.134] may not run concurrently with punishment for
a conviction under any other criminal statute.” Tex. Health & Safety Code Ann.
§481.134(h) (Vernon Supp. 2008). Appellant recognizes the conflict between the two
provisions but argues, nonetheless, the former controls. He is mistaken.
          Whether two statutes collide resulting in one overriding the other is a matter of law
that we consider de novo. State v. Salinas , 982 S.W.2d 9, 10 -11 (Tex. App.–Houston [1st
Dist.] 1997, pet. ref’d). And, in considering the instant matter de novo, we find guidance
in the recent Court of Criminal Appeals opinion in Williams v. State, 253 S.W.3d 673 (Tex.
Crim. App. 2008). There, the Court was asked to compare and construe sections
481.132(d) and 481.134(h) of the Health and Safety Code. Per §481.132(d), 
[i]f the accused is found guilty of more than one offense arising out of the
same criminal episode prosecuted in a single criminal action, sentence for
each offense for which the accused has been found guilty shall be
pronounced, and those sentences run concurrently.

Tex. Health & Safety Code Ann. §481.132(d) (Vernon 2003).


 Yet, §481.134(h)
mandated that the sentences run consecutively, according to the State. The Court
ultimately held that §481.132(d) precluded the trial court from stacking one sentence upon
another in that case. But, it did so not because §481.132(d) trumped the affect of
§481.134(h). Rather, it did so because the multiple convictions there involved were not for
violations of different criminal statutes as required by §481.134(h). So, the two provisions
did not conflict. Williams v. State, 253 S.W.3d at 678. On the other hand, when statutes
do conflict, the Court acknowledged that the specific overrides the general. Id. 
          Here, we have the situation missing in Williams. While we have one criminal
episode resulting in joint prosecutions and convictions in the same trial, one prosecution
and conviction involved the possession of controlled substances in a drug-free zone while
the other involved his effort to engage in organized crime. And, because the former
involved a drug-free zone, §481.134(h) of the Health and Safety Code (which expressly
addressed situations involving drug-free zones) was implicated. Again, that provision
specifically focuses upon the ability of the trial court to allow a sentence within the scope
of §481.134(h) to run concurrently with another sentence outside the scope of §481.134. 
 On the other hand, §3.03(a) of the Penal Code does not deal with offenses occurring with
drug-free zones. Thus, in following the admonishment in Williams that the specific must
control over the general and since §481.134(h) covers the specific circumstances in our
case, we conclude that the trial court had no option but to order that the sentences run
consecutively.      
           Issue 2 - Legal Sufficiency 
          Next, appellant claims there is insufficient non-accomplice testimony to sustain his
conviction for engaging in organized criminal activity. We disagree.
          To support conviction, non-accomplice testimony need not directly link the accused
to the crime or establish his guilt beyond a reasonable doubt. Rather, it need only tend to
connect him to the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005) (stating
that a conviction may not rest upon the testimony of an accomplice unless that testimony
is corroborated by other evidence tending to connect the defendant to the offense); McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). And, it does here.
          Admittedly, accomplices testified that over a period of time, appellant and other
persons, most of whom were drug addicts and concerned on a daily basis with obtaining
their next “fix,” manufactured methamphetamine. So too did several identify appellant as
one of the primary “cooks” of the methamphetamine. Yet, non-accomplice evidence
illustrated that 1) appellant was stopped while driving a vehicle in which were found
ingredients used to cook methamphetamine, 2) at the time of the stop, appellant’s hands
were stained orange, a stain often associated with manufacturing that drug, 3) appellant
admitted to the officer that he had cooked methamphetamine two weeks earlier, 4) five
weeks later, appellant again was stopped while driving a vehicle that had left a site
containing both a methamphetamine laboratory and evidence of a recent
methamphetamine cook, 5) someone was observed throwing several small baggies
containing methamphetamine and pseudoephedrine out of the window of the vehicle while
appellant drove it, 6) a red duffle bag was found in the same vehicle, which bag contained
a letter from appellant’s mother, drug paraphernalia used to manufacture
methamphetamine, and a small baggie containing a trace of methamphetamine, 7) all of
the occupants in the vehicle had needle tracks on their arms, and 8) appellant and several
other occupants of the vehicle had orange stains on their hands.


 This is some evidence
which tends to connect appellant to organized criminal activity consisting of the 
manufacture of methamphetamine.  
          Appellant also argues that the evidence insufficiently establishes that he participated
in a combination because the memories of the accomplices were affected by their drug
use. Furthermore, they only could provide vague details about the time and place of the
cooks and who was present, he continues. Thus, the State allegedly failed to prove the
mens rea required for conviction. We disagree for circumstantial evidence may be used
to prove a defendant’s intent. Hart v. State, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002);
Munoz v. State, 29 S.W.3d 205, 209 (Tex. App.–Amarillo 2000, no pet.). And, both the
direct and circumstantial evidence alluded to above provided basis upon which a
reasonable jury could conclude, beyond reasonable doubt, that he intended to establish,
maintain, and participate in a combination and conspiracy to manufacture as well as
intentionally and knowingly manufacture methamphetamine. Simply put, sufficient
evidence existed upon which a jury could legitimately conclude that he acted with the
requisite mens rea. 
          Finally, appellant claims the evidence is insufficient to support the finding that he
used or exhibited a deadly weapon. We disagree. While it may be that the bulk of the
evidence that appellant possessed a sawed off shotgun and threatened to use it in the
event of a raid by police came from accomplice testimony, non-accomplice evidence did
tie him to the crime of engaging in organized criminal activity. And, so long as he was
legitimately connected to the crime in general, accomplice testimony may be used to link
him to the use and exhibition of the shotgun. Vasquez v. State, 56 S.W.3d 46, 48 (Tex.
Crim. App. 2001). 
          Having overruled all of appellant’s issues, we affirm the judgments. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice    
Publish.