Cause No. _____

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

-------------------------------------------------------------

MARK JOSEPH SHUMSKI
*Petitioner*

VS.

THE STATE OF TEXAS
*Respondent.*
-------------------------------------------------------------

Petition For Discretionary Review in Cause CR-16247 from the 271st Judicial District Court of Wise County, Texas and Cause No. 11-13-00054-CR from the Court of Appeals for the Eleven Supreme Judicial District of Texas.
-------------------------------------------------------------

PETITION FOR DISCRETIONARY REVIEW

-------------------------------------------------------------

Law Office of Paul Belew, PLLC.

FILED IN
COURT OF CRIMINAL APPEALS

April 23, 2015

ABEL ACOSTA, CLERK

/s/ Paul Belew
S.B.N.: 00794926
P.O. Box 1026
Decatur, Texas 76234
(940) 627 - 6400
(940) 627 - 6408 (facsimile)
ATTORNEY FOR PETITIONER,
MARK JOSEPH SHUMSKI

i

## IDENTITY OF THE PARTIES

The following is a complete list of the names and addresses of all parties to the trial court's final judgment and the names and addresses of trial counsel:

**APPELLANT / DEFENDANT**
**MARK JOSEPH SHUMSKI**
**Texas Department of Criminal Justice**
**H. H. Coffield Unit**
**2661 FM 2054**
**Tennessee Colony, TX 75884**

**Paul Belew**
**S.B.N.: 00794926**

**LAW OFFICES OF PAUL BELEW, PLLC**
**P.O. Box 1026**
**Decatur, Texas 76234**
**(940) 627-6400**
**(940) 627-6408 (facsimile)**

**ATTORNEY FOR APPELLANT / PETITIONER**
**State Of Texas / Appellee**

**Preston Gregory Lowery, Wise County District Attorney**
**S.B.N: 00787926**
**John J. "Jay" Lapham, Wise County**
**District Attorney**
**S.B.N: 00784448**

**Wise County Courthouse, Second floor**
**Decatur, Texas 76234**

**TRIAL COURT**
**Appeal from the 271st**
**District Court**
**Wise County, Texas**
**Hon. John Fostel**
**presiding**

# TABLE OF CONTENTS

**Identity of Parties and Counsel** i

**Table of Contents** ii

**Index of Authorities** iii

**Statement Regarding Oral Argument** iv

**Standard of Review** iv

**Statement of the Case** iv, v

**Issue Presented for Review** vi

**Argument** vi, vii, vii, ix, 1

      I. <u>**THE APPELLATE COURT ERRED IN FAILING TO FIND THAT SECTION 21.02 WAS UNCONSTITUTIONAL FOR NUMEROUS REASONS AS SET FORTH BELOW:**</u>

**Prayer for Relief** 1

**Certificate of Service** 2, 3

**Certificate of Compliance** 3

**Appendix** 4

# INDEX OF AUTHORITIES

**Cases:**
*Shumski v. State*,
    No. 02-13-00565-CR (December 4, 2014) (Memorandum Opinion)  v, 4


**U.S. Supreme Court:**
Andres v. United States, 333 U.S. 740 (1948)                                    vii
Duncan v. Louisiana, 391 U. S. 145 (1968)                                       viii
In re Winship, 397 U. S. 358 (1970)                                             viii
Richardson v. United States, 526 U.S. 813 (1999)                                vii


**Texas Court of Criminal Appeals:**
Jefferson v. State, 189 S.W.3d 305 (Tex. Crim. App. 2006)                       vii
Ngo v. State, 175 S.W.3d 738 (Tex. Crim. App. 2005)                            vii
State v. Moff, 154 S.W.3d 599 (Tex. Crim. App. 2004)                            iv
Stuhler v. State, 218 S.W.3d 706 (Tex. Crim. App. 2007)                        vii


**Texas Courts of Appeals:**
Casey v. State, 349 S.W.3d 825 (Tex. App.--El Paso 2011, pet. ref'd)            1
Jacobsen v. State, 325 S.W.3d 733 (Tex. App.--Austin 2010, no pet.)    viii, 1
Owens v. State, 19 S.W.3d 480 (Tex. App.--Amarillo 2000, no pet.)               iv
State v. Salinas, 982 S.W.2d 9 (Tex. App.--Houston [1st Dist.]
1997, pet. ref'd)                                                               iv


**Constitutions:**
FED, CONST., art. VIII                                                          1
TEX. CONST., art. V, § 13                                                       vii


**Texas Statutes:**
TEX. PENAL CODE ANN.,, § 21.02 (West 2013) in passim          i, vii, vii, 1
TEX. PENAL CODE ANN., § 21.02(c), (d), (e), (f) (West 2013)    vi, vii, vii, 1
TEX. PENAL CODE ANN., § 21.02(d) (West 2013)                  vi, vii, vii, 1

## PETITIONER REQUESTS ORAL ARGUMENT

Petitioner requests oral argument for the reason that the issue is highly controversial and can best argued and presented before a live and interactive panel that cannot be done justice via paper nor electronic means as the Texas Court of Criminal Appeals has not yet written on the constitutionality of Section 21.02.

## STANDARD OF REVIEW

The constitutionality of a criminal statute is a question of law which is reviewed de novo. See, e.g., Owens v. State, 19 S.W.3d 480, 483 (Tex. App.--Amarillo 2000, no pet.); State v. Salinas, 982 S.W.2d 9, 10-11 (Tex. App.--Houston[1st Dist.] 1997, pet. ref'd); State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App.)

## STATEMENT OF THE CASE

On June 22, 2011 a Wise County Grand Jury indicted Mark Shumski on the charge of "Sexual Abuse of a Child, Continuous: Victim Under 14" alleging that on February 16, 2008 and continuing through and including May 16, 2011, "commit two or more acts of sexual abuse against A.G., a child younger than 14 years of age, said acts of sexual abuse having been violations of one or more of the following penal law, namely: 1. indecency with a child . . .; [and] aggravated

sexual assault of a child . . ." CR 7. On December 11, 2012 this case was tried before a jury in the 271 st Judicial District Court for Wise County, Texas, Judge John Fostel Presiding (Trial Cause Number CR16247). See, e.g., R.R. 2:1. On December 12, 2013 a judgment was entered against Mr. Shumski sentencing him to sixty (60) years incarceration in the Texas Department of Criminal Justice. C.R. 121. Mr. Shumski remains incarcerated. On January 11, 2013 Defendant filed his notice of appeal to the Second Court of Appeals and the case was assigned Cause Number 02-13-00011-CR. C.R. 123. On February 11, 2013 this case was transferred to 11th Court of Appeals pursuant to Order and assigned Number 11-13-00054-CR. *See*, *Shumski v. State*, No. 02-13-00565-CR (December 4, 2014) (Memorandum Opinion). March 5, 2105, the 11th Court affirmed.

## ISSUES PRESENTED FOR REVIEW

## I. THE APPELLATE COURT ERRED IN FAILING TO FIND THAT SECTION 21.02 WAS UNCONSTITUTIONAL.

The Texas Court of Criminal Appeals has not yet written on the constitutionality of Section 21.02. The 11TH Court of Appeals erroneously ruled against Petitioner's constitutional challenge in an unpublished opinion dated March 5, 2015. *See Appendix.* This Petition for Discretionary Review is filed in response to that decision. The issue in controversy affects so many defendants, it is critical to due process and other concerns that this Honorable Court take up the matter.

## ARGUMENT AND AUTHORITIES

Texas requires all jury verdicts in a felony cases to be unanimous. In addition due process mandates proof beyond a reasonable doubt of every fact necessary to constitute the crime with which a defendant is charged. The requirement of a unanimous verdict is sacrosanct. Section 21.02 of the Texas Penal Code (Continuous Sexual Abuse of Young Child or Children) does not require unanimity with respect to the required predicate conduct. Section 21.02's failure to require a unanimous finding of the predicate conduct indicates that a conviction is possible where the jurors are not agreed that two specific predicate acts took place. The erroneous response of Texas Courts addressing this claim

is that unanimity is required as to element, not manners and means. This reasoning is flawed at best. Section 21.02 permits the jury to never be compelled to carefully scrutinize – as a whole jury – the evidence for any specific sexual act. It means the jury is free to act as twelve autonomous "mini-juries" with respect to the very heart of the crime -- the occurrence of sexual misconduct.

The Supreme Court's addressed this issue in Richardson v. United States. 526 U.S. 813 (1999). Applying its analysis to Section 21.02 the grammar of Section 21.02 makes it clear acts of sexual abuse are the focus of the Section and therefore properly are the object of the unanimity requirement. The Sixth Amendment to the United States Constitution requires unanimous jury verdicts in federal criminal trials. Andres v. United States, 333 U.S. 740, 748, 68 S.Ct. 880b (1948); see Sanchez v. State, 23 S.W.3d 30, 39 (Tex. Crim. App. 2000). Under the Texas Constitution, a jury verdict in a felony case is required to be unanimous, and Texas statutes require unanimity in all criminal cases. Stuhler v. State, 218 S.W.3d, 706, 716 (Tex. Crim. App. 2007); Jefferson v. State, 189 S.W.3d 305, 311 (Tex. Crim. App. 2006); Ngo v. State, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005); TEX. CONST. ART. V, § 13; TEX.CODE CRIM. PROC. ANN. art. 36.29 (2013). Under Texas law, unanimity means that each and every juror agrees that the defendant committed the same, single, specific criminal act.

**Ngo v. State, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005), however, inexplicably Section 21.02 does not require unanimity as to predicate acts.** *See***, Section 21.02 of the Texas Penal Code.**

The 11th Court of Appeals, erred when applying the law of the referring jurisdiction, when they held that the continuous sexual statute did not violate due process, even without a unanimous verdict as to manner and means. "Although virtually unanimous adherence to the reasonable-doubt standard in common-law jurisdictions may not conclusively establish it as a requirement of due process, such adherence does "reflect a profound judgment about the way in which law should be enforced and justice administered." Duncan v. Louisiana, 391 U. S. 145, 155 (1968). In re Winship, 397 U. S. 358, 361-362 (1970). The Court concluded that due process mandates "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." In re Winship, 397 U. S. 358, 364 (1970).

Section 21.02 has been previously and unsuccessfully challenged on the grounds of lack of a unanimity requirement. The San Antonio Court of Appeals' response is fairly indicative, *although misplaced,* of the response of the various Courts of Appeals that have considered the challenge: "As discussed herein, Texas law is clear that "[t]he individual acts of sexual abuse . . . are not

themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed." See Jacobsen, 325 S.W.3d at 737; see also Casey, 349 S.W.3d at 829.  In addition, it is well settled that "section 21.02 does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, but without requiring jury unanimity as to the individual acts that made up that course of conduct." See Martin, 335 S.W.3d at 872 (discussing Jacobsen, 325 S.W.3d at 739).   This reasoning is flawed and oppressive.

In addition to above compelling reasons to grant PDR in this case, the statute in question is also violative of the VIII Amendment to the Federal Constitution, *inter alia*, "FED, CONST., art. VIII" citing a prohibition of cruel and unusual punishment.  The tremendous appellate questions arising out of criminal convictions relating to Section 21.02 make this petition for PDR especially attractive to this Court to address.  These issues include, but are certainly not limited to, due process issues, jury unanimity issues and issues relating to cruel and unusual punishment, all violative of a defendant's constitutional rights afforded one by law ands common sense.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, MARK JOSEPH SHUMSKI respectfully requests that the Court of Criminal Appeals grant Appellant's Petition for Discretionary Review and for such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

/s/ Paul Belew
Paul Belew
S.B.N.: 00794926

LAW OFFICES OF PAUL BELEW, PLLC.
P.O. Box 1026
Decatur, Texas 76234
(940) 627-6400
(940) 627-6408 (facsimile)

FOR APPELLANT/PETITIONER
MARK JOSEPH SHUMSKI

## CERTIFICATE OF SERVICE

This is to certify that on this, the 22nd day of April, 2015 a true and correct copy of the above and foregoing document has been forwarded by means of electronic filing as follows:

**Greg Lowery, Wise County District Attorney's Office**
**Wise County Courthouse**
**Decatur, Texas  76234**

<span></span>               **/s/  Paul Belew**_____
               **Paul Belew**

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(3)</u>

**WordPerfect X6 was used to prepare this document in 14 Point Times New Roman. Using WordPerfect X6 I certify that the total number of words contained herein, including the identity of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, signature, and certificate of compliance is 1944.**

               _**/s/**_____
               **Paul Belew**

## Appendix

*See attached, <u>Shumski v. State</u>*, **No. 02-13-00565-CR (December 4, 2014) (Memorandum Opinion)**

## Appendix

*See attached, Shumski v. State*, No. 02-13-00565-CR (December 4, 2014)
(Memorandum Opinion)



**JIM R. WRIGHT**
CHIEF JUSTICE

**MIKE WILLSON**
JUSTICE

**JOHN M. BAILEY**
JUSTICE

# Court of Appeals
### Eleventh District of Texas
100 WEST MAIN STREET, SUITE 300
P. O. BOX 271
EASTLAND, TEXAS 76448

March 5, 2015

**SHERRY WILLIAMSON**
CLERK

TELE: 254/629-2638
FAX: 254/629-2191
sherry.williamson@txcourts.gov
www.txcourts.gov/11thcoa

Paul G. Belew
Belew & Singleton
P.O. Box 1026
Decatur, TX 76234
* DELIVERED VIA E-MAIL *

Gregory Preston Lowery, District Attorney
271st District Attorney
Wise County Courthouse
101 N. Trinity, Suite 200
Decatur, TX 76234-1449
* DELIVERED VIA E-MAIL *

Tim Cole, Assistant
District Attorney's Office
101 N. Trinity, Suite 200
Decatur, TX 76234
* DELIVERED VIA E-MAIL *

**RE:**   Appellate Case Number: 11-13-00054-CR   Trial Court Case Number:   CR16247
**Style:**   Mark Joseph Shumski v. The State of Texas

The Court has this day **AFFIRMED** the judgment of the trial court in the above cause.

Copies of the Court's opinion and judgment are attached.

TEX. R. APP. P. 68.3 requires the Petition for Discretionary Review be filed with the <u>Clerk, Court of Criminal Appeals.</u>

Pursuant to TEX. R. APP. P. 48.4, the attorney representing the defendant on appeal shall, **within five days** after the opinion is handed down, send by certified mail, return receipt requested, a copy of the opinion and judgment, along with notification of the defendant's right to file a pro se petition for discretionary judgment in the Court of Criminal Appeals. A letter certifying compliance with this rule and a copy of the return receipt is due in this Court on or before **March 20, 2015.**

Respectfully yours,

*Sherry Williamson*

Sherry Williamson, Clerk

cc:   District Clerk - Wise County (DELIVERED VIA E-MAIL)
David L. Evans, Administrative Judge (DELIVERED VIA E-MAIL)
John H. Fostel, Judge (DELIVERED VIA E-MAIL)



In The

# Eleventh Court of Appeals

No. 11-13-00054-CR

## MARK JOSEPH SHUMSKI, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from 271st District Court

Wise County, Texas

Trial Court Cause No. CR16247

## MEMORANDUM OPINION

The jury found Mark Joseph Shumski guilty of the offense of continuous sexual abuse of a child. The victim was Appellant's stepdaughter, A.G., who was under the age of fourteen at the times relevant to the offense. The jury assessed punishment at confinement for a term of sixty years, and the trial court sentenced him accordingly. In his sole issue on appeal, Appellant challenges the

constitutionality of the Texas continuous-sexual-abuse-of-a-child statute. We affirm.

The State charged Appellant with committing two or more acts of sexual abuse against A.G. "from on or about February 16, 2008[,] through May 16, 2011." Specifically, the State alleged that Appellant had committed the offense of indecency with a child by contact and that he had committed aggravated sexual assault by penetrating A.G.'s sexual organ with his finger.

A.G. testified that Appellant sexually abused her for about three years before she finally told her mother. She said that, before the time that Appellant married her mother, Appellant would come into her room at night, slip his hand underneath her clothes, and touch her vagina or insert his finger into her vagina. A.G. testified that, even though she told Appellant "no" and told him that she did not like what he was doing to her, Appellant continued to sexually abuse her.

In a single issue on appeal, Appellant challenges the constitutionality of Section 21.02 of the Texas Penal Code. Section 21.02(d) provides:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact dates when those acts were committed. The jurors must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

TEX. PENAL CODE ANN. § 21.02(d) (West Supp. 2014). Appellant argues that the statute violates due process considerations because it fails to require a unanimous jury verdict as to each of the individual acts of abuse.

The Texas Court of Criminal Appeals has not yet written on the constitutionality of Section 21.02. However, several appellate courts in Texas have upheld the constitutionality of the statute. *See Pollock v. State*, 405 S.W.3d 396, 405 (Tex. App.—Fort Worth 2013, no pet.) (citing *McMillian v. State*, 388

2

S.W.3d 866 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Kennedy v. State*, 385 S.W.3d 729 (Tex. App.—Amarillo 2012, pet. ref'd); *Casey v. State*, 349 S.W.3d 825 (Tex. App.—El Paso 2011, pet. ref'd); *Reckart v. State*, 323 S.W.3d 588 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846 (Tex. App.—Dallas 2010, pet. ref'd); *Jacobsen v. State*, 325 S.W.3d 733 (Tex. App.—Austin 2010, no pet.)).

We note that one of the courts that has upheld Section 21.02 in the face of a unanimity challenge is the Fort Worth Court of Appeals. This appeal was originally filed in the Fort Worth Court of Appeals. In accordance with docket equalization mandates, this appeal was transferred from the Fort Worth court to this court by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Under the provisions of Rule 41.3 of the Texas Rules of Appellate Procedure, we are to apply the precedent of the transferor court if that precedent is in conflict with our own precedent. TEX. R. APP. P. 41.3. Because we have not yet decided this issue, we will apply precedent from the Fort Worth court of Appeals.

In *Pollock*, the Fort Worth Court acknowledged that jury unanimity is required in criminal cases in Texas. *Pollock*, 405 S.W.3d at 404. Every juror must be in agreement that "the defendant committed the same, single, specific criminal act." *Id.* (quoting *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005)) (internal quotation marks omitted). The Fort Worth court noted, however, that this does not mean that the jury has to unanimously agree that the accused committed the offense in one particular manner or means. *Id.* If a jury is instructed on alternative means of committing the same offense, there is no violation of the unanimity requirement as there would be in the instance of different offenses that involve separate incidents. *Id.* Although a trial court may not submit separate and distinct offenses in the disjunctive, it does not run afoul of the unanimity requirement when it submits, in the disjunctive, different manner and means of

3

committing the same offense. *Id.* at 405. In continuous sexual abuse cases, the element on which the jury must unanimously agree is that the accused committed two or more acts of abuse over the specified time period; each act is not a separate element that requires unanimity. *Id.*

We follow the precedent and reasoning of the transferor court in this case. We hold that the jury was required only to agree that Appellant committed two or more acts of sexual abuse during a period of thirty days or more. The manner and means made up "the 'series' of sexual acts that created a single element of continuous sexual assault of a child." *Id.* (quoting *Lewis v. State*, No. 02-10-00004-CR, 2011 WL 2755469 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication)). Appellant's sole issue on appeal is overruled.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


March 5, 2015
Do not publish. *See* TEX. R. APP. P. 47.2(b).
Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4



11TH COURT OF APPEALS
EASTLAND, TEXAS
JUDGMENT

Mark Joseph Shumski,

Vs. No. 11-13-00054-CR

The State of Texas,

\* From the 271st District
Court of Wise County,
Trial Court No. CR16247.

\* March 5, 2015

\* Memorandum Opinion by Wright, C.J.
(Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.)

This court has inspected the record in this cause and concludes that there is no error in the judgment below. Therefore, in accordance with this court's opinion, the judgment of the trial court is in all things affirmed.