In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-466 CR


____________________



DENNIS MOUTON, III, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 85321






MEMORANDUM OPINION


 This cause arises from the death of Officer Mike Pauling, a game warden, as he was
investigating a disturbance on the highway. A jury convicted Dennis Mouton, III, of
aggravated assault on a public servant with the use of a deadly weapon. See Tex. Pen.
Code Ann. §§ 22.02(a)(2), (b)(2) (Vernon Supp. 2004). The jury assessed punishment
at fifty-five years' confinement in the Texas Department of Criminal Justice, Institutional
Division, and a fine of $10,000. Mouton appeals, raising seven issues. We affirm.

 In issue one, appellant contends the trial court erred in denying counsel's motion
challenging twelve jurors for cause under section 35.16(a)10 of the Texas Code of
Criminal Procedure, providing a challenge for cause may be made for the following
reason:

 That from hearsay, or otherwise, there is established in the mind of
the juror such a conclusion as to the guilt or innocence of the defendant as
would influence him in his action in finding a verdict. To ascertain whether
this cause of challenge exists, the juror shall first be asked whether, in his
opinion, the conclusion so established will influence his verdict. If he
answers in the affirmative, he shall be discharged without further
interrogation by either party or the court. If he answers in the negative, he
shall be further examined as to how his conclusion was formed, and the
extent to which it will affect his action; and, if it appears to have been
formed from reading newspaper accounts, communications, statements or
reports or mere rumor or hearsay, and if the juror states that he feels able,
notwithstanding such opinion, to render an impartial verdict upon the law
and the evidence, the court, if satisfied that he is impartial and will render
such verdict, may, in its discretion, admit him as competent to serve in such
case. If the court, in its discretion, is not satisfied that he is impartial, the
juror shall be discharged. . ..


Tex. Code Crim. Proc. Ann. § 35.16(a)10 (Vernon Supp. 2004). Of the twelve jurors,
only one actually served on the jury, Juror Number 27. The record reflects that trial
counsel was questioning jurors on whether they had developed an opinion on guilt or
innocence. Juror Number 27 was asked, "[a]nd have you developed an opinion?" She
answered, "Yes." Counsel moved on to the next juror. Counsel did not query whether
she could set aside that opinion, as he did others. Subsequently, counsel challenged Juror
Number 27 for cause under subsection 10. The trial court denied counsel's motion, noting
that under subsection 10 the juror must be asked whether "the conclusion so established
will influence his verdict." See Tex. Code Crim. Proc. Ann. § 35.16(a)10 (Vernon
Supp. 2004). Because Juror Number 27 was not so questioned, nothing is preserved for
our review. See Curry v. State, 910 S.W.2d 490, 493 (Tex. Crim. App. 1995); Tex. R.
App. P. 33.1. Issue one is overruled.

 In his second issue, appellant claims the trial court erred by not further questioning
jurors who had developed an opinion as to the guilt or innocence of the defendant about
whether that opinion would influence their verdict. Subsection 10 provides that if a juror
answers in the negative, to the inquiry as to whether his conclusion on guilt or innocence
will influence his verdict, then "he shall be further examined . . .." See Tex. Code Crim.
Proc. Ann. § 35.16(a)10 (Vernon Supp. 2004). Appellant cites no authority requiring
the trial court, rather than trial counsel, to ask jurors whether their opinion will influence
their verdict. See Curry, 910 S.W.2d at 493; Freeman v. State, 74 S.W.3d 913, 915 (Tex.
App.--Amarillo 2002, pet. ref'd). We find appellant has not established error on the part
of the trial court. Issue two is overruled.

 Appellant's third issue contends the trial court erred by allowing a life-size
mannequin dressed in the same uniform of Officer Pauling to stay in the court throughout
the trial after counsel objected under Rule 403. See Tex. R. Evid. 403. The record
establishes that at the time the mannequin was introduced into evidence, counsel objected
under Rules 401 and 403. See Tex. R. Evid. 401, 403. The trial court overruled the
objection. Appellant's brief does not refer this court to any portion of the record wherein
an objection was lodged as to the mannequin remaining in the courtroom during the trial. 
Accordingly, the issue is not preserved for review. See Tex. R. App. P. 33.1. Further,
appellant's brief does not cite any authority in support of the claim that the trial court erred
in admitting the mannequin into evidence. See Tex. R. App. P. 38.1(h). One of the
contested issues in the case was whether appellant knew Officer Pauling was a game
warden. Clearly then, the victim's uniform was relevant and probative of that issue. See
Tex. Pen. Code Ann. § 22.02(c) (Vernon Supp. 2004). Absent any authority that placing
the uniform on a mannequin rendered that evidence more prejudicial than probative, we
are unable to say the trial court erred. Issue three is overruled.

 In issue four, appellant claims the trial court erred by not granting defendant's
motion for mistrial based on the September 11th ceremonies held during the trial that
jurors attended. The record reflects that after hearing counsel's motion, the trial court
inquired of all the jurors whether anything said during the ceremonies would affect their
ability to be fair and impartial. No juror responded. The trial court then denied the
motion. Appellant's brief only asserts "a ceremony was held . . . speaking of the officers,
firemen . . . etc [sic] that had lost their lives in the line of duty." Absent any showing that
jurors were influenced, we are unable to say the trial court erred. Issue four is overruled.

 Issue five argues the trial court erred in denying appellant's request for a mistrial
based on untimely disclosure of exculpatory evidence. Appellant complains of late
disclosure of three pieces of evidence: a statement by Carlos Trapp, an investigator's
report from Detective Blum, and a report prepared by the State's expert, Dr. Robert
Banks, which reveals the existence of a digital video. When a prosecutor 1) fails to
disclose evidence 2) which is favorable to the accused 3) that creates a probability
sufficient to undermine the confidence in the outcome of the proceeding, the Due Process
Clause of the Fourteenth Amendment is violated. See Thomas v. State, 841 S.W.2d 399,
404 (Tex. Crim. App. 1992). We first note that the State concedes the evidence was not
disclosed. 

 Counsel learned of Trapp's statement in time to call him as a witness during the
defense's case in chief. According to Trapp's statement, he drove by Mouton's vehicle
parked on the side of the road at approximately 12:10 a.m. He saw the vehicle start to
leave the side of the road and proceed up onto the highway but did not see how far the
vehicle went. The brief does not explain how this evidence was favorable to appellant,
instead it only refers to the hearing on counsel's motion to dismiss. See Tex. R. App. P.
38.1(h). Counsel argued Trapp's statement was exculpatory because it contradicted the
testimony of other witnesses regarding the visibility of Officer Pauling. Counsel further
argued Trapp's statement changed the location of appellant's vehicle which had been used
for measurements, a timeframe, and how far appellant must have driven. However, the
trial court noted that Trapp could have driven by before Officer Pauling arrived and
counsel conceded that point. Christine Stelly testified that she drove by around 12:20 or
12:25 a.m. and saw a truck with flashing lights and a man in uniform with a flashlight
walking toward another vehicle. Because Trapp drove by earlier, his statement does not
challenge the credibility of the other witnesses or establish the location of appellant's
vehicle, as alleged by counsel.

 Concerning Detective Blum's report, during the hearing on the motion to dismiss
counsel contended it disclosed the fact that vehicular traffic had gone through the crime
scene and was exculpatory because "there were two possible theories as to how the officer
ended up underneath the car" and "that specifically goes to the cause of death."
Appellant's brief omits any explanation as to how this evidence was favorable to appellant
or created a probability of a different outcome. See Tex. R. App. P. 38.1(h). 

 The third item is the first page of a memorandum indicating experiments
determining "[t]he moments of inertia of a human subject about two axes of rotation" were
recorded. During the hearing on the defense's motion to dismiss, counsel asserted the
existence of the tape should have been disclosed so the defense's expert could have
reviewed it. The State claimed Dr. Banks did not rely on the video. Appellant's brief fails
to identify, or even speculate, how the tape was favorable to the defense. See Tex. R.
App. P. 38.1(h). We are apprised of no basis for finding the failure to disclose the tape's
existence created a probability of a different outcome. For all the above reasons, issue five
is overruled.

 Appellant's sixth issue charges the trial court abused its discretion by admitting
expert testimony in violation of Rule 702. See Tex. R. Evid. 702. The only reference to
the record is to testimony given during a hearing pursuant to Rule 705(b), wherein trial
counsel questioned James Underhill, an officer trained in accident investigation and
reconstruction. See Tex. R. Evid. 705(b). The record reflects that Underhill measured
distances with a rolling tape and a Nikon 520 Laser Transit. Underhill testified the two
measurements were the same, but the laser was more accurate in that it gave distances to
a greater degree, i.e., the laser gave a distance of 108.223 feet where the rolling tape gave
a distance of 108.2 feet. At trial, counsel objected on the basis that in regards to
measuring distances using the Nikon 520 Laser Transit, "this theory has or technique has
no means to test its reliability." However, appellant does not refer this court to any
testimony given by Underhill following the voir dire that was based on the laser
measurements. Consequently, appellant has failed to demonstrate harm from the trial
court's error, if any, in overruling the objection. To the extent appellant raises other
complaints on appeal, they do not comport with the objection made at trial and therefore
present nothing for review. See Tex. R. App. P. 33.1; and Tamayo v. State, 924 S.W.2d
213, 216 (Tex. App.--Beaumont 1996, no pet.). For these reasons issue six is overruled. 

 In his final issue, appellant claims the evidence was legally and factually insufficient
for the jury to convict him of aggravated assault on a public servant with the use of a
deadly weapon. See Tex. Pen. Code Ann. § 22.01(b) (Vernon Supp. 2004). Appellant
specifically points to two items. First, that appellant and Daneesha Baker testified Mike
Pauling did not identify himself as a game warden. Second, that Baker testified Officer
Pauling was alive after he fell from appellant's car. 

 Photographs introduced into evidence establish Officer Pauling was in uniform.
Furthermore, Antonio Montoya, Deanna Montoya and Christine Stelly all testified Officer
Pauling was in uniform and recognizable as an officer prior to his encounter with
appellant. Baker testified that appellant's lights were on high beam and Officer Pauling's
truck was parked on the shoulder in front of appellant's vehicle. Baker acknowledged that
as Officer Pauling approached appellant, Officer Pauling would have been in appellant's
line of sight, in his headlights. "The actor is presumed to have known the person assaulted
was a public servant if the person was wearing a distinctive uniform or badge indicating
the person's employment as a public servant. . .." Tex. Pen. Code Ann. § 22.02(c)
(Vernon Supp. 2004). Accord Hoitt v. State, 28 S.W.3d 162, 167 (Tex. App.--Texarkana
2000), pet. dism'd improvidently granted, 65 S.W.3d 59 (Tex. Crim. App. 2001). 
Viewing all of the evidence in the light most favorable to the verdict, we find any rational
trier of fact could have found beyond a reasonable doubt that appellant knew Officer
Pauling was a public servant. See Ovalle v. State, 13 S.W.3d 774, 777 (Tex. Crim. App.
2000). Further, the evidence appellant knew Officer Pauling was a public servant is not
so weak as to undermine confidence in the jury's verdict. See Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).

 Regarding the second item, Gene Christian, a Port Arthur police officer, testified
he examined Officer Pauling's truck in light of Baker's statement that Officer Pauling was
sitting in the roadway when she struck him. From his examination, Christian concluded
the front of the truck had not struck Officer Pauling and stated biological matter was found
only on the undercarriage. Dr. Tommy Brown, a forensic pathologist who performed the
autopsy on Officer Pauling testified the cause of death was falling from the vehicle and
death occurred immediately upon impact with the pavement. Dr. Robert Banks, an expert
witness and engineer and medical doctor, concluded Officer Pauling died instantly upon
contact of his skull with the pavement. Accordingly, we find any rational trier of fact
could have found beyond a reasonable doubt that appellant caused Officer Pauling serious
bodily injury. See Ovalle, 13 S.W.3d at 777. We further find the evidence in support of
finding that appellant caused serious bodily injury to Officer Pauling is not greatly
outweighed by contrary proof. Johnson, 23 S.W.3d at 11. Issue seven is overruled.

 The judgment of the trial court is AFFIRMED.


 ________________________________

 DON BURGESS

 Justice


Submitted on March 23, 2004 

Opinion Delivered April 7, 2004

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.